(120 App. Div. 786)

## PEOPLE v. SPIER.

(Supreme Court, Appellate Division, First Department. July 15, 1907.)

1. INFORMATION—MISDEMEANORS—OFFENSES CHARGEABLE.

Under Code Cr. Proc. § 221, when a magistrate has ·discharged a defendant or has held him to answer, he must within five days return' the papers in misdemeanor cases to the district attorney. Section 743, as amended by Laws 1904, p. 1368, c. 563, requires the district attorney, on receiving the papers, to either file an information or move the court to dismiss. *Held* that, where the papers are submitted to the district attorney as required by the statute, he may file an information against defendant for any offense disclosed in the papers which has been investigated.

2. SAME—TIME FOR FILING.

Code Cr. Proc. § 743, as amended by Laws 1904, p. 1368, c. 563, requiring the district attorney to file an information for a misdemeanor within ten days after receiving papers from the magistrate where defendant is not in custody, was intended to provide for the prompt and orderly dispatch of business in the Court of Special Sessions, and does not limit the time within which an information may be filed.

3. CRIMINAL LAW—TRIAL—TRIAL ON TWO INFORMATIONS. ·

It was error to try one upon two informations for two distinct offenses in selling different women articles purporting to be for causing unlawful abortion, where by timely and continued motions and objections defendant sought to obtain information as to which crime he was being tried for.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 1580.]

4. SAME—APPEAL—PRESUMPTION.

Where a court erred in trying defendant upon two informations for two distinct offenses in selling different women articles purporting to be for causing unlawful abortion, it cannot be inferred· on appeal that, because one of the women was the first witness for the prosecution, defendant was tried upon the information alleging a sale to her.

5. SAME—EVIDENCE—OTHER OFFENSES.

In a trial for selling articles purporting to be for causing unlawful abortion, it was error to admit evidence of three other offenses with three other women upon three several occasions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 822–846.]

Appeal from Court of Special Sessions of City of New York.

Oscar A. Spier appeals from a conviction of a misdemeanor. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and LAMBERT, JJ.

Saul J. Dickheiser, for appellant. Wm. Travers Jerome, Dist. Atty. (Robert S. Johnstone, of counsel), for the People.

CLARKE, J. The Medical Society of the County of New York complained to the City Magistrates' Court of the Fifth district of the First division of the city of New York, upon information contained in the affidavits of Frances Benzecry, Katy Farenga, and Mabel Kenny, that the defendant had violated section 318 of the Penal Code. That section is as follows:

"A person who sells, lends, gives away or in any manner exhibits or offers to sell, lend or give away, or has in his possession with intent to sell, lend or give away, or advertises or offers for sale, loan or distribution, any instrument or article, or any recipe, drug or medicine for the prevention of conception, or for causing unlawful abortion, or purporting to be for the prevention of conception, or for causing unlawful abortion, or advertises, or holds out representations that it can be so used or applied, or any such description as will be calculated to lead another to so use or apply any such article, recipe, drug or medicine or instrument, or who writes or prints or causes to be written or printed a card, circular, pamphlet, advertisement or notice of any kind, or gives information orally, stating when, where, how, of whom, or by what means such an instrument, article, recipe, drug or medicine can be purchased or obtained, or who manufactures any such instrument, article, recipe, drug, or medicine is guilty of a misdemeanor and shall be liable to the same penalties as provided in section 317 of this Code."

A hearing was had before the city magistrate on the 26th of March, 1906, and upon the 30th of March the magistrate indorsed upon the papers:

"There being no sufficient cause to believe the within-named defendant guilty of the offense within mentioned, I order him to be discharged."

The papers bear an indorsement:

"Dist. Atty.'s Office—ss.: Information April 2nd, 1906. Received."

And the title of the case:

"The People, etc., on the Complaint of the Medical Soc. of the Co. of N. Y. (Frances Benzecry) v. O. Agnew Spier."

Section 221 of the Code of Criminal Procedure provides that, whenever a magistrate has discharged a defendant or has held him to answer, he must, within five days thereafter, return the papers in cases of all misdemeanors, except charges for libel, in the city of New York to the district attorney of the county wherein the offense charged was committed. On the 16th of April the district attorney filed an information containing four counts, in substance accusing the defendant of the crime of selling an article purporting to be for causing unlawful abortion, committed as follows: That on the 10th day of March, 1906, he unlawfully did exhibit, offer to sell, and sell to one Mabel Kenny an article, drug, and medicine, to wit, divers pills of ingredients and composition to the district attorney unknown, purporting then and there to be for causing unlawful abortion—and upon the same day he filed a similar information accusing the defendant of unlawfully exhibiting, offering to sell, and selling, on the 30th day of January, 1906, to one Katy Farenga, "an article, drug and medicine * * * purporting then and there to be for causing unlawful abortion."

The defendant demurred to each information upon the ground, first, that the Court of Special Sessions had no jurisdiction to try the alleged charge or alleged charges, or any of them, set forth in the information; second, that the facts stated did not constitute a crime; third, that more than one crime was charged in the information. The demurrers were disallowed. On May 31, 1906, the defendant was tried before the Court of Special Sessions. At the opening of the case his counsel said:

"I move to compel the prosecution to elect upon which information it is going to proceed. There are two informations in this case.

"The Court: Motion denied. He can proceed upon any one.

"Counsel for the Defendant: I do not know which one he wants to proceed on.

"The Court: We will see."

Defendant took exception to the denial of his motion. He also moved to dismiss both of the informations on the ground that the court had no jurisdiction to try these particular informations, as they did not pertain to the subject-matter tried in the lower court in that the defendant was charged in the court below with having committed a crime on the 23d of January, 1906, and he was discharged in the Magistrate's Court of that offense; that the informations filed here are not the informations charging the defendant with a crime on January 23d, but on March 10th and January 10th, different dates and different persons; and that the defendant did not have the benefit of a preliminary examination with regard to the particulars set forth in that particular information—which motion was denied, and exception taken. Thereupon four different women testified to four different sales upon four different dates of drugs or medicines which they testified the defendant stated would relieve them of their pregnancy.

Mabel Kenny was the first witness, and it was to her that one of the informations alleged that the sale had been made. To the testimony of the second witness the defendant objected upon the ground that she did not appear in the Police Court and her testimony was not subject to cross-examination, and the defendant was not confronted with this witness in the Police Court. The objection being overruled, he excepted. The defendant moved to strike out the testimony of the third witness on the ground that it related to a conversation with the defendant which tended to show the commission of an independent crime other than the crime mentioned in the information, and, the motion being denied, excepted. The fourth witness, being the one to whom the sale was alleged to have been made in the second information, having given her testimony, the defendant moved to strike it out on the ground that it tended to establish the commission of an independent crime, and to the denial thereof excepted. He then moved to dismiss the complaint upon the grounds of jurisdiction formerly referred to, which was denied, and at the close of the whole case renewed the motions made at the opening of the case for the dismissal of the informations and the discharge of the defendant, which were denied. Thereupon he was found guilty and sentenced to imprisonment in the city prison for three months. He thereafter moved for a new trial, which was denied.

The appellant urges that the Court of Special Sessions was without jurisdiction, and bases his contention upon the provisions of section 743 of the Code of Criminal Procedure, as amended by Laws 1904, p. 1368, c. 563, which is as follows:

"Duty of District Attorney in Relation to the Information and Dismissal of Prosecution. The district attorney of a county within the city of New York, on the receipt by him of the papers in a criminal action, returned to him by a magistrate as provided by section 221 hereof, shall either make and file with the clerk of the Court of Special Sessions an information against the defendant in such action, as provided in the last preceding section, or, move in said court for the dismissal of the prosecution of the action. This duty, unless the time prescribed therefor be extended by the court, shall be performed in manner following: (1) Where a defendant is in custody the information shall be filed not later than the day following the receipt by the district attorney of the magistrate's return, and in all other cases within ten days thereafter. (2) In all actions where return has been made by the district attorney as required by section 221 of this Code, and he has failed to make and file an information as provided in subdivision 1 of this section, he shall, within thirty days after such return, move for the dismissal of the prosecution of such action, filing with the clerk of the court a statement in writing of his reasons for making such motion. (3) The district attorney shall file with the clerk of the court all papers returned to him under the provisions of section 221 of this Code, those upon which informations are based with the informations and all others when he moves to dismiss the prosecution in the action in which they were taken."

The first objection is that the district attorney had no right to file informations in either the Kenny or the Farenga cases, because in neither of those cases had there been a hearing before the magistrate. But it appears from the record that the County Medical Society was the complainant before the magistrate, and that the affidavits of Kenny and Farenga were submitted in that proceeding, and hence were the subject of investigation by him; and, while the district attorney concedes that under the statute a preliminary examination before a committing magistrate is essential before the district attorney's right to file an information arises, it seems to me that when such an investigation has been had, and the papers are submitted as required by the statute to the district attorney, he is empowered to file an information against the defendant for any offense disclosed in those papers which has been the subject of investigation.

The second point is that as the papers from the magistrate's court bear the stamp of the district attorney's office, showing the receipt thereof by it on the 2d day of April, 1906, and the informations were filed on the 16th day of April, 1906, more than 10 days after their receipt, the Court of Special Sessions had no jurisdiction in the premises. The basis of this claim must be that the provision of section 743 of the Code of Criminal Procedure, supra, requiring the district attorney to file the information, where the defendant is not in custody, within 10 days after the receipt by him of the papers from the city magistrate, is a statute of limitations. While we do not think that this point is squarely raised by the record, yet, as it has been argued and is of importance, we proceed to state our views, which are, in brief, that the statute was intended, after the Court of Special Sessions was vested with jurisdiction of the trial of misdemeanors, except criminal libel, to provide for the prompt and orderly dispatch of business in said court. The statute is directed to the district attorney. It provides what he

shall do and when. The general statutes of limitation for the prosecution of crimes remain untouched, unaffected, and unrepealed. These statutes so remaining in full force and effect, it would be utterly unreasonable to hold that a statute directing the district attorney how to perform his duty should, by neglect upon his part, be turned into a short ten-day statute of limitations, preventing thereafter prosecution for a crime. If the district attorney has been derelict in his observation of the statute, that is for consideration in proper proceedings against him, and does not inure to the benefit of the defendant; nor is the jurisdiction of the court ousted by delay in filing the information with it, so long as the general statute of limitations has not run.

The next point urged by the appellant is that he was tried upon two informations for two separate and distinct offenses, consisting of sales to two different women upon two different occasions. This point is well taken. The two informations both appear in this record. Both were filed upon the same date, and both bear upon their backs the names of the same four witnesses. By timely and continued motions and objections the defendant sought to obtain knowledge of which crime he was being tried. The court declined to compel the district attorney to inform him, and he never was informed; but, in addition to the two offenses covered by the informations, evidence was given as to two other offenses, consisting of sales to two other women upon two other days. We are unable upon this record to now determine of which offense the defendant has been found guilty. The learned district attorney asks us to draw the inference that, inasmuch as Mabel Kenny was the first witness for the prosecution, therefore the defendant was tried upon the information upon which the sale was alleged to have been made to her; but surely the order in which witnesses are sworn for the prosecution is not to determine upon what indictment or information a defendant is being tried. It is conceded that it would have been fatal error to have tried the defendant upon two informations at the same time; but, when he asked upon which he was to stand trial, information was refused him. Such a judgment cannot stand.

I am also of the opinion that if we assume, for the purpose of argument, that he was being tried upon the Kenny information, the admission of evidence of three other offenses with three other women upon three several occasions was error. The information alleged that the defendant "did unlawfully exhibit, offer to sell, and sell to one Mabel Kenny an article, drug, and medicine, to wit, divers pills of the ingredients and composition to me, the district attorney aforesaid, unknown, purporting then and there to be for causing unlawful abortion." He was not upon trial for having caused an abortion. He was not upon trial for selling an article for the prevention of conception, or for causing unlawful abortion. He was upon trial for selling an article purporting to be for causing unlawful abortion, and that is all that the people attempted to show. When the defense undertook to show that the article sold, administered in the way advised, could not have produced an abortion, the testimony was excluded, and therefore the one question which was presented to the court was: Did the defendant sell an article purporting to be intended for causing unlaw-

ful abortion? There was no dispute that the defendant did make a sale of certain pills and suppositories to the witnesses. No question of identity was involved. No question of motive was at issue. No general plan or scheme was properly before the court, nor was it necessary to show any guilty intent. If the things sold were bread pills, and yet they were sold purporting to be for the unlawful purpose, the offense denounced by the statute would have been committed. Therefore what was in issue, in order to establish the crime, were the statements and representations made by the defendant to the purchaser at the time of sale. The question of the admission of the evidence of other crimes upon the trial of a specific crime was exhaustively discussed in People v. Molineux, 168 N. Y., 264, 61 N. E. 286; and, as I understand the law, the proof offered and received in this case of the other transactions, each one of which consisted of a crime in itself, and was in no way connected with the sale to Mabel Kenny, does not come within any of the exceptions to the well-established rule that the state cannot prove against a defendant any crime not alleged in the indictment, either as a foundation for a separate punishment or as aiding the proofs that he is guilty of the crime charged.

It follows, therefore, that the judgment of conviction appealed from should be reversed, and a new trial ordered. All concur.