### PEOPLE v. MORRAL.

(Supreme Court, Appellate Division, Second Department. November 23, 1910.)

CRIMINAL LAW (§ 369*)—EVIDENCE OF OTHER OFFENSES—ADMISSIBILITY.

    On a trial for larceny from the person while prosecutrix was in a store, evidence that prior thereto a third person had been jostled while riding on an elevator in the store by accused, who took her purse, was inadmissible, as showing a distinct and separate crime.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 822–824; Dec. Dig. § 369.*]

Appeal from Kings County Court.

Gertrude Morral was convicted of grand larceny in the second degree, and she appeals. Reversed, and new trial ordered.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

John T. McGovern, for appellant.
Peter P. Smith, for the People.

RICH, J. This appeal is from a judgment of the County Court of Kings county convicting the defendant of the crime of grand larceny in the second degree. The evidence upon which the conviction was had was circumstantial. The rule is well settled that, in determining a question of fact from circumstantial evidence, the facts proved must all be consistent with and point to the guilt of the accused, and must be inconsistent with his innocence. As was said in Shepherd v. People, 19 N. Y. 537, 545:

"In such cases the circumstances themselves must be satisfactorily established, and they must be of such a character as, if true, to exclude, to a moral certainty, every other hypothesis but that of the guilt of the accused."

Tested by this rule, the evidence in the case at bar is insufficient to sustain the conviction of the defendant. Lillian Rosenblatt, the complaining witness, on December 14, 1909, went to the store of Abraham & Straus at about a quarter to 4 in the afternoon, to do some shopping, and remained there until half past 4. She carried with her a bag, inside of which was a smaller bag containing her money. At the soda counter she was crowded and pushed by some woman, not identified as the defendant. She did not look to see who was doing the pushing, but shortly after found her bag open and the smaller bag, with its contents, gone. She later identified a bag found in the store as the one taken.

A detective in the store at this time saw the defendant at the soda water counter a little after half past 4. His attention was directed to her, because she had two bags, which he says he observed carefully from a distance of 10 feet, and discovered that the smaller bag had a tear in its upper corner. This bag was carried openly on her arm by the defendant, and was plainly visible to any one looking at her. A police officer, detailed for duty at the same store, saw the defendant there in the afternoon of December 14th, at about 5 o'clock. He saw her open a bag carried by a lady, and upon inquiry of the latter was informed nothing had been taken from it. He watched defendant, and a few minutes after saw her open the bag of another lady, from which nothing is shown to have been taken, and he then arrested her. Defendant was subsequently taken to the police headquarters, where she was searched, and something over $59 was found in her bag. The police officer had the defendant constantly in view from the time he arrested her until they reached police headquarters, and saw no second bag in her possession at any time, and it is apparent, I think, from his evidence that she could not have had another bag in her possession without his having seen it, and he testifies he saw nothing of the kind.

A short time after the arrest, a store detective found, on a pile of cushions near which defendant had passed with the police officer, a bag which Mrs. Rosenblatt identifies as belonging to her. The bag had a half-inch tear in one corner, by which Ditman claims to identify it as the same bag he saw in the possession of the defendant when he saw her at the soda counter some half hour before her arrest. The only evidence connecting the defendant in any manner with the commission of the crime is that of Ditman, and his identification of the bag is based entirely and solely upon the tear in the corner, which Mrs. Rosenblatt says was not in her bag when taken from her. No such tear was observed by either Mary Clark, who found the bag, the person to whom she delivered it or the police officer to whom it was subsequently delivered. It was seen by no person, except Ditman.

While the evidence strongly tends to establish attempted criminal acts by defendant while in the store of Abraham & Straus, it is insufficient to warrant her conviction of the crime charged in the indictment.

There is another reason why this conviction must be reversed. Upon the trial the people were permitted to prove, over the defendant's objection, that on November 30th, preceding the occurrence for which

the defendant was arrested, one Mary Powers was jostled, while riding on an elevator in the store of Abraham & Straus, by the defendant, and her purse taken. This was evidence of a distinct and separate crime, in no manner connected with the crime charged in the indictment, and necessarily prejudicial to the defendant. It does not come within any of the exceptions to the well-established rule that:

"The state cannot prove against a defendant any crime not alleged in the indictment, either as a foundation for a separate punishment or as aiding the proofs that he is guilty of the crime charged." People v. Spier, 120 App. Div. 786, 105 N. Y. Supp. 741.

It follows that the judgment of conviction must be reversed, and a new trial ordered.

WOODWARD, J., concurs. BURR, THOMAS, and CARR, JJ., concur, on the last ground stated in the opinion.