PEOPLE ex rel. COHEN v. WARDEN OF THIRD DISTRICT PRISON.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. CRIMINAL LAW (§ 224*)—PRELIMINARY PROCEEDINGS—COMMITMENT BY MAGISTRATE.

   Code Cr. Proc. § 221, provides that in all cases of misdemeanor in New York City, except libel, the magistrate, upon holding defendant to answer, must within five days return to the district attorney, the warrant, deposi-

tions, statement of the defendant, if made, and all undertakings of bail or for the appearance of witnesses taken by him. Code Cr. Proc. § 742, provides that all criminal cases in the New York Special Sessions must be prosecuted on information by the district attorney. Greater New York Charter (Laws 1901, c. 466) § 1172, declares that a violation of the Sanitary Code shall be a misdemeanor. Inferior Courts Act (Laws 1910, c. 659) § 95, which is a later enactment than the sections of the Code of Criminal Procedure, provides that a magistrate must arrest and try a person for a violation of the Sanitary Code "as in any other case of criminal offense," and that upon application of the Department of Health before trial commences, "the trial and the papers in such case" shall be remitted to the Court of Special Sessions. In a prosecution for a violation of Sanitary Code, § 68, a magistrate on application of the board of health bound the defendant over to the Court of Special Sessions without an examination of the witnesses requested by the defendant and committed him in default of bail. *Held*, that the omission from the Inferior Courts Act of a requirement that, on a transfer to the Special Sessions, the trial should be on information, must be deemed to have been intentional, and it will be considered that the Legislature intended that the trial, both before the magistrate and at Special Sessions, should be a summary proceeding so that the transmission of the papers, etc., by the magistrate without the hearing sought was proper.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 466, 467; Dec. Dig. § 224.*]

2. CRIMINAL LAW (§ 241*)—CRIMINAL PROSECUTION—STATUTORY AUTHORITY.

While Inferior Courts Act (Laws 1910, c. 659) § 95, which provides for a summary proceeding by a magistrate in a prosecution for a violation of the Sanitary Code or a transfer of such proceeding upon application to the board of health and the Court of Special Sessions, does not provide for the admission of an accused to bail, the Legislature must have contemplated that an accused would be admitted to bail upon a commitment pending trial before the magistrate or to answer in Special Sessions, and the issuance of a commitment in default of bail upon the transfer of a prosecution to the Special Sessions at the instance of the board of health, as authorized by section 95, was proper.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 458, 501–508; Dec. Dig. § 241.*]

Appeal from Special Term, New York County.

The People of the State of New York, on the relation of Morris Cohen, against the Warden of the Third District Prison. From an order dismissing the writ and remanding the relator, he appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Alexander A. Mayper, of New York City, for appellant.
Robert S. Johnstone, Asst. Dist. Atty., for respondent.

LAUGHLIN, J. The relator was arrested pursuant to a warrant issued on information charging him with a violation of section 68 of the Sanitary Code. When he was brought before the magistrate, counsel for the board of health, pursuant to section 95 of the Inferior Courts Act, asked that he be held for trial at the Court of Special Sessions. Counsel for the relator thereupon demanded an examination of the witnesses upon whose depositions the warrant had been issued. This request was denied, and the magistrate held the relator

to answer the charge in the Court of Special Sessions, and fixed bail at $100, and issued a commitment committing him to the custody of the warden and keeper of the city prison of the city of New York until he gave such bail. The relator thereupon obtained a writ of habeas corpus, evidently with a view to presenting the question as to the right of the magistrate to hold him to answer in the Court of Special Sessions without an examination before the magistrate, for that, and the right of the magistrate to issue the commitment, are the only questions presented on the appeal.

[1] It is not controverted that the relator was duly arrested on a warrant duly issued for a violation of said section of the Sanitary Code; but it is contended that on the return of the warrant it was the duty of the magistrate, under sections 188, 190, 195, and 196 of the Code of Criminal Procedure, on the request of the relator, to examine the witnesses, and thus determine whether a crime had been committed and whether there was probable cause to hold the relator to answer in the Court of Special Sessions, pursuant to the provisions of sections 207, 208, of the Code of Criminal Procedure.

By the provisions of section 1172 of the Greater New York Charter, a violation of the Sanitary Code is declared to be a misdemeanor. It is not claimed that it would have been the duty of the magistrate to hold an examination if he were to try the relator, as would have been his duty had not the counsel for the board of health requested that the trial be transferred to the Court of Special Sessions; but it is insisted that, since by the request of the board of health to send the case to the Court of Special Sessions pursuant to section 95 of the Inferior Courts Act, the magistrate was ousted of jurisdiction to try the relator, the relator could not be held to answer in the other court without a preliminary examination if he requested it as he did. It is not argued that it was not competent for the Legislature to authorize the magistrate to hold the relator without examination to answer the charge in the Court of Special Sessions. The contention is that it was not so provided by statute. Section 95 of the Inferior Courts Act (chapter 659 of the Laws of 1910) provides, among other things, that a magistrate may, on complaint of a violation of the Sanitary Code "as in any other case of criminal offense," by warrant require the arrest of the person accused, and after arrest may, on "sufficient notice" to the Department of Health, proceed "summarily to try such person for such alleged offense." It is, however, further provided in said section that upon application in behalf of the Department of Health made "before the trial is commenced, the trial of such person, together with the papers, shall be remitted to the Court of Special Sessions"; and by said section jurisdiction is expressly conferred on Courts of Special Sessions to try each person on the charge, subject to the right of the accused, "as it may now exist," to demand a jury trial.

The learned counsel for the relator contends that the provisions of section 221 of the Code of Criminal Procedure apply to cases where a person is arrested pursuant to the provisions of section 95 of the Inferior Courts Act for a violation of the Sanitary Code and is

brought before a magistrate and the Department of Health requests that the trial be had in the Court of Special Sessions, and that it is therefore the duty of the magistrate on holding the accused to answer in the Court of Special Sessions in such case, as for other crimes, excepting the crime of libel, to return the warrant and depositions and statement of the defendant "if he have made one," and all undertakings of bail or for the appearance of witnesses taken by him, to the district attorney, and that the crime must then be prosecuted in the Court of Special Sessions by an information made by the district attorney as required by section 742 of said Code. On that theory it is contended in behalf of appellant that the decisions of this court in People v. Spier, 120 App. Div. 786, 105 N. Y. Supp. 741, and of the Court of Appeals in People v. Dillon, 197 N. Y. 254, 90 N. E. 820, 18 Ann. Cas. 552, require a preliminary examination by a magistrate before he is authorized to issue a commitment. It is manifest that, if the provisions of the Code of Criminal Procedure with respect to an examination after arrest are applicable, then the magistrate is not required in all such cases to transfer the trial to the Court of Special Sessions or to hold the accused for trial before the court, but *only* where he is satisfied from the evidence adduced on such examination that a crime has been committed and that there is reasonable and probable ground for believing that it was committed by the accused.

The Inferior Courts Act, although but a re-enactment of existing law, is a later enactment than the sections of the Code of Criminal Procedure providing for an examination before a magistrate, upon which counsel for the relator relies; and section 95 thereof expressly provides that both the *trial and the papers* in such case "shall be remitted to the Court of Special Sessions" on the request of the Department of Health to have the trial in that court. If the Legislature intended that the papers should be remitted to the district attorney, and that the prosecution in the Court of Special Sessions should be by information filed by him, it is a reasonable inference that it would have so provided. It is quite evident from the fact that the Legislature commanded that the trial should be had *summarily* before the magistrate, unless the Department of Health requested that it be had in the Court of Special Sessions, that it was intended that the trial for such offenses *wherever* had should be had summarily. The command of the Legislature that the trial and the papers on such request being made should be remitted to the Court of Special Sessions indicates that it was intended that the trial should be taken up and summarily had in the Court of Special Sessions, as it would have been before the magistrate had the request for the transfer not been made.

[2] It is true that the Legislature has not expressly provided in the Inferior Courts Act for admitting the accused to bail in such cases, or for a commitment, either to answer before the magistrate, or before the Court of Special Sessions. The Legislature has, however, provided that after being arrested the accused cannot be tried until after reasonable notice to the board of health, to enable it to demand that the trial be transferred to the Court of Special Sessions and,

evidently, to enable it to present the evidence to sustain the prosecution, wherever the trial be had. The offense is bailable; and it would not be a reasonable construction of the statute to hold that it was intended that the accused should be held in custody or confinement without bail to await the arrival of a representative of the Department of Health, or the lapse of a reasonable time after notice to said Department, or should the trial not be concluded at one session, or should it become necessary to adjourn it. It was contemplated by the Legislature, I think, that the other statutory provisions requiring admission to bail and commitment pending examination to answer a criminal charge, either before the magistrate or in another court, should be applicable to the extent of authorizing the magistrate to admit the accused to bail, and to commit the accused pending trial before him, or to answer in the Court of Special Sessions, according to circumstances. The Legislature, by omitting in this statute to make express provisions for the *transfer* of the accused to the Court of Special Sessions, must have contemplated that the accused might be admitted to bail for his appearance in the Court of Special Sessions or be held in custody; and since the warrant could only provide for his being brought before the magistrate, orderly procedure required that a commitment be issued when it became necessary to transfer the trial to the Court of Special Sessions. That was done in the case at bar, and, without approving the form, we are of opinion that the magistrate was authorized to issue it. We are of opinion, therefore, that the procedure followed in the case at bar was in conformity with the law, and that the order dismissing the writ and remanding the relator was proper.

The learned assistant district attorney contends broadly that, in no case in the county of New York, where a magistrate holds a person charged with crime to answer in the Court of Special Sessions, is an examination before the magistrate after arrest authorized, and that such an examination is only required in said county, as is the rule in other parts of the state, when the accused is held to answer in another court by indictment; and the brief in support of that contention shows careful research and analysis of the statutes and authorities. The point presented for decision on this appeal does not require a decision of the question in the broader aspect urged by the learned assistant district attorney, and it cannot now be decided, although we recognize the industry and ability with which it has been briefed and the importance of the question.

The order should be affirmed. All concur.