(173 App. Div. 189)

PEOPLE ex rel NEW YORK DISPOSAL CORP. v. FRESCHI, Justice of Court of Special Sessions, et al.

(Supreme Court, Appellate Division, Second Department. May 12, 1916.)

1. PROHIBITION ⬩3(2)—REMEDY BY APPEAL.

Where relator's grievance can be redressed by appeal, it is not entitled to a writ of prohibition.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 5, 6; Dec. Dig. ⬩3(2).]

2. CRIMINAL LAW ⬩1022—COURT OF SPECIAL SESSIONS—RIGHT OF APPEAL—STATUTE.

From any adverse judgment of the Court of Special Sessions, defendant is afforded the right of appeal by Laws 1910, c. 659, § 40.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2581, 2582; Dec. Dig. ⬩1022.]

3. CRIMINAL LAW ⬩101(4)—TRANSFER TO COURT OF SPECIAL SESSIONS—STATUTE.

A case before a city magistrate, wherein defendant is charged by information with a violation of the Sanitary Code, cannot be transferred, under Laws 1915, c. 531, § 44, for trial to a court of three justices in a Court of Special Sessions, unless the defendant consent, or, in default thereof, unless the city magistrate shall have proceeded to examine the case as a magistrate.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 202; Dec. Dig. ⬩101(4).]

4. CRIMINAL LAW ⬩1043(1)—RAISING QUESTION OF JURISDICTION—MOTION.

Where defendant, charged by information before a city magistrate with a violation of the Sanitary Code, when the case was called for pleading in the Court of Special Sessions, to which it had been removed under Laws 1915, c. 531, § 44, before plea moved "to transmit or remit the case to the magistrate on the ground that under the Inferior Courts Act (section 44 of chapter 531 of the Laws of 1915), the defendant not consenting to the remitting of the case to the Court of Special Sessions, the magistrate had no authority to remit the same, and defendant had been denied its right of hearing before the magistrate," such motion raised substantially the question of jurisdiction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2654; Dec. Dig. ⬩1043(1).]

5. INDICTMENT AND INFORMATION ⬩4—COURT OF SPECIAL SESSIONS—INFORMATION—STATUTE.

Under Code Cr. Proc. § 742, in all criminal actions in the Courts of Special Sessions in the city of New York an information takes the place of an indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 3, 24-27; Dec. Dig. ⬩4.]

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. CRIMINAL LAW ⬩101(4)—COURT OF SPECIAL SESSIONS—PROCEEDING ON IN-FORMATION—STATUTE.

Where a Court of Special Sessions purposes to proceed upon the information against a defendant, charged before a city magistrate by information with a violation of the Sanitary Code, the case having been transferred pursuant to Laws 1915, c. 531, § 44, it cannot do so without an order made by the city magistrate pursuant to section 44.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 202; Dec. Dig. ⬩101(4).]

7. INDICTMENT AND INFORMATION ⬩47—COURT OF SPECIAL SESSIONS—ALLEGING JURISDICTIONAL FACTS.

A Court of Special Sessions cannot proceed, in an action begun before a city magistrate on information charging defendant with a violation of the Sanitary Code, without a showing, in any information, that there had been made an order, required to confer jurisdiction, by Laws 1915, c. 531, § 44, pursuant to which the case was transferred from the magistrate to the court.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 148, 149, 157; Dec. Dig. ⬩47.]

8. CRIMINAL LAW ⬩994(2)—COURT OF SPECIAL SESSIONS—JUDGMENT ROLL—INFORMATION—STATUTE.

Under Code Cr. Proc. § 485, providing that the indictment is part of the judgment roll, an information charging defendant before a city magistrate with a violation of the Sanitary Code is properly part of the judgment roll, or at least could and should be part in the Court of Special Sessions, to which the case is transferred pursuant to Laws 1915, c. 531, § 44.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. ⬩994(2).]

9. CRIMINAL LAW ⬩101(5), 968(4)—COURT OF SPECIAL SESSIONS—QUESTION OF JURISDICTION—TIME AND MANNER TO RAISE.

The question of jurisdiction of a Court of Special Sessions, trying an action against defendant charged by information before a city magistrate with a violation of the Sanitary Code, the case having been transferred pursuant to Laws 1915, c. 531, § 44, can be raised either by motion at the commencement of trial or by motion in arrest of judgment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 203, 2426; Dec. Dig. ⬩101(5), 968(4).]

10. PROHIBITION ⬩3(5)—REMEDY BY APPEAL.

When the defendant, in an action instituted in an inferior court, pleads to the jurisdiction of such court, and his plea is overruled, no sufficient cause is presented for granting a prohibition, since ample remedy may be had by an appeal from the final judgment.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 5; Dec. Dig. ⬩3(5).]

Appeal from Special Term, Kings County.

Application for prohibition by the People, on the relation of the New York Disposal Corporation, against John J. Freschi, as Justice of the Court of Special Sessions, etc., and others. From an order granting relator's application for an absolute writ, defendants appeal. Order reversed, and motion denied.

Argued before JENKS, P. J., and STAPLETON, MILLS, RICH, and PUTNAM, JJ.

Terence Farley, of New York City, for appellants.
Philip A. Brennan, of Brooklyn, for respondent.

JENKS, P. J.   [1, 2]  If the grievance of the relator can be redressed by appeal, then it is not entitled to a writ of prohibition.  People ex rel. Hummel v. Trial Term, 184 N. Y. 30, 76 N. E. 732;  People ex rel. Ballin v. Smith, 184 N. Y. 96, 76 N. E. 925;  People ex rel. Livingston v. Wyatt, 186 N. Y. 383–396, 79 N. E. 330, 10 L. R. A. (N. S.) 159, 9 Ann. Cas. 972;  Thomson v. Tracy, 60 N. Y. 31.  From any adverse judgment of the Court of Special Sessions, the defendant is afforded the right of appeal.  Section 40, c. 659, Laws of 1910.  We must inquire, therefore, whether the point upon which the writ is asked for could be presented by such an appeal.

[3, 4]  Information was laid before a city magistrate, charging relator with a violation of the Sanitary Code—a misdemeanor.  The relator, summoned to answer, came into court.  The said magistrate made an order, with the recital that, as it appeared by the deposition presented against the relator that there was sufficient cause to believe that the said corporation was guilty of the offense, and as an application had been made in behalf of the department of health that the trial of the said defendant, together with the papers, be remitted to the Court of Special Sessions pursuant to chapter 531, section 44, of the Laws of 1915, that the corporation be held to answer to the same at the Court of Special Sessions in the city of New York for trial, and that the defendant and papers be remitted to said court as required by law.  When the case was called for pleading in the Court of Special Sessions, to which it was thus remitted, the defendant *before plea* moved—

"to transmit or remit the case to the magistrate on the ground that under the Inferior Courts Act (section 44 of chapter 531 of the Laws of 1915), the defendant not consenting to the remitting of the case to the Court of Special Sessions, the magistrate had no authority to remit the same, and defendant had been denied its right of hearing before the magistrate."

This motion was in all respects denied, whereupon the case was set for trial at a later day.  Meantime, the relator obtained the said writ of prohibition.  As we read the statute, no case of this kind, commenced by arraignment before a city magistrate, can be transferred for trial to a court of three justices in a Court of Special Sessions, unless the defendant consent, or, in default thereof, unless the city magistrate shall have proceeded to examine such case as a magistrate.  We think that the defendant raised substantially the question of jurisdiction upon which alone this writ was issued.  For the motion as made was a direct challenge to the jurisdiction, inasmuch as the defendant moved that the case be sent back to the magistrate, and consequently be sent out of the Court of Special Sessions, because the magistrate's failure to observe the statute made him powerless to send the case to that court.  Inspection of the order in this case by the court would have revealed that it was devoid of statement that the defendant had consented to transfer to that court or that a preliminary examination had been held.

[5-10]  An information takes the place of an indictment.  Code Crim. Proc. § 742;  People v. Cully, 167 App. Div. at 335, 153 N. Y. Supp. 125.  Thus this very section 44 permits the magistrate to allow

the information to be amended in the same manner as an indictment. If the court purposed to proceed upon the information laid before the city magistrate (People ex rel. Cohen v. Warden, 150 App. Div. at 422, 135 N. Y. Supp. 159), it could not do so without an order made by the city magistrate pursuant to section 44. On the other hand, the Court of Special Sessions could not proceed in this action as begun, without a showing in any information that an order required by the said section 44 to confer jurisdiction had been made. As the information is analogous to an indictment, it, or it and this order, would naturally and properly be part of the judgment roll (section 485, Code of Criminal Procedure), or at least could and should be part thereof (People v. Grout, No. 1, 166 App. Div. at 222, 151 N. Y. Supp. 322, and cases cited). In any event, the question of jurisdiction could be raised either by motion at the commencement of the trial or by motion in arrest of judgment. People v. Knatt, 156 N. Y. at 307, 50 N. E. 835. This case falls within the language of High on Extraordinary Legal Remedies (3d Ed.) 718:

"Thus, when the defendant, in an action instituted in an inferior court, pleads to the jurisdiction of such court, and his plea is overruled, no sufficient cause is presented for granting a prohibition, since ample remedy may be had by an appeal from the final judgment in the cause."

I advise that the order be reversed, and that the motion be denied.