## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### January 16, 1920.

## THE PEOPLE v. JOSEPH FROOKS.

### (190 App. Div. 378.)

(1) SANITARY CODE OF CITY OF NEW YORK, § 118—SALE OF MEDICINE UNDER FALSE NAME—INFORMATION NEED NOT BE AS ACCURATE AS INDICTMENT.

An information made before a city magistrate of the city of New York charging a defendant with a violation of section 118 of the Sanitary Code which prohibits the dispensing of medicine under a false name, etc., will be held to be sufficient after a trial thereon, where it follows the language of the statute and plainly charges that the defendant wilfully made false and misleading representations within the provisions of the statute, for it is not essential that such preliminary information should be phrased with the same technical accuracy, precision and particularity as may be required with respect to an indictment.

(2) SAME—TRANSFER OF PROCEEDING TO COURT OF SPECIAL SESSIONS—INFORMATION MUST BE FILED WITH DISTRICT ATTORNEY.

Where the defendant was arraigned before the city magistrate on such information and the proceeding was transferred to the Court of Special Sessions for trial before three justices, there must be a new information filed by the district attorney in order to give jurisdiction to the Court of Special Sessions consisting of three justices, and where the defendant against his objections was tried and convicted by said court on the original information filed with the city magistrate, the conviction cannot stand and will not be reversed as the court lacked jurisdiction. But the reversal will not bar a subsequent prosecution by indictment.

(3) SAME—SECTION 44, INFERIOR CRIMINAL COURTS ACT, CONSTRUED.

Section 44 of the Inferior Criminal Courts Act of the city of New York analyzed and construed per LAUGHLIN, J.

APPEAL by the defendant, Joseph Frooks, from a judgment of the Court of Special Sessions of the City of New York, entered in the office of the clerk of said court on the 25th day of August, 1916, convicting the defendant of a violation of the provisions of section 118 of the Sanitary Code of the City of New York, and also from an order denying defendant's motion to arrest the judgment.

*S. Leighton Frooks* of counsel (*Clark L. Jordan,* attorney), for the appellant.

*Robert S. Johnstone, Assistant District Attorney,* of counsel (*Felix C. Benvenga* and *William H. Kehoe, Assistant Corporation Counsel,* with him on the brief; *Edward Swann, District Attorney*), for the respondent.

LAUGHLIN, J.:

Section 118 of the Sanitary Code provides as follows: " No person shall make, prepare, put up, administer, or dispense any prescription, decoction, or medicine, under any false or misleading name, direction, or pretense; nor shall any ingredient be substituted for another in any prescription, nor shall any false or misleading representation be made by any person to any other, as to the kind, quality, purpose, or effect of any drug, medicine, decoction, drink, or other substance, offered or intended to be taken as food or medicine." (See Code of Ordinances of City of New York, chap. 20, art. 8, § 118.)

On the 29th of July, 1916, one Cohen, a pharmacist in the employ of the department of health, filed a complaint or information in the form of an affidavit with City Magistrate Daniel J. Murphy, which was sworn to before the magistrate, charging the defendant with a willful violation of these provisions of the Sanitary Code, and charging that the defendant was a dealer in medicinal preparations at No. 225 Chrystic street in the city, county and State of New York, where on

the 28th of July, 1916, he made a false and misleading statement to said Cohen with respect to the purpose and effect of " infantile A S," which was a drug, medicine or other substance offered to Cohen as a medicine and represented that it was a preventative for all diseases and especially for the disease known as infantile paralysis.    The further proceedings before the magistrate and in the Court of Special Sessions are not set forth in the record, but instead thereof the facts upon which the appeal is based were stipulated in writing by the district attorney and the attorney for the defendant.    The stipulation shows that the defendant was arraigned before said magistrate upon said information on the 29th of July, 1916, and that " *the proceedings* were thereupon *transferred* to the Court of Special Sessions of the City of New York for trial; " that no information by the district attorney was filed with the Court of Special Sessions and that the trial was had on the information filed by Cohen; that the defendant before pleading and on pleading in the Court of Special Sessions and upon the trial objected to the jurisdiction of the court on the ground that said information was insufficient and that an information by the district attorney should have been filed; that after the judgment of conviction, the defendant duly moved in arrest of judgment and excepted to the denial of the motion, and that the defendant also duly objected to the sentence upon the ground that the court was without power to impose the same.

The stipulation also provides that the only questions to be presented on the appeal are (1) whether the information states facts sufficient to constitute a crime; (2) whether the Court of Special Sessions acquired jurisdiction to hear and determine the misdemeanor charged without any information filed by the district attorney or any information other than that before the magistrate, and (3) whether the sentence imposed was authorized.

The appellant claims that the information is insufficient in

that it does not sufficiently show that the representations made by the defendant were not true. It must be assumed that the evidence, which is not presented by the record on appeal, sufficiently showed the falsity of the representations and that they were made willfully. I am of opinion that after trial the information should not be construed as strictly as if its sufficiency had been presented by a writ of habeas corpus and that since it follows the language of the Sanitary Code and plainly charges that the defendant willfully made false and misleading representations within the provisions of the ordinance, it should now be deemed sufficient, for it is not essential that preliminary information should be phrased with the same technical accuracy, precision and particularity as may be required with respect to an indictment. (See People v. Abelson, 162 App. Div. 674, 31 N. Y. Crim. 355; affd., 218 N. Y. 716; People v. Pillion, 78 Hun, 74; People v. Polhamus, 8 App. Div. 133; People v. Wacke, 77 Misc. Rep. 196.)

On the second point which the stipulation provided is to be presented on the appeal, counsel for the defendant attempts to present arguments not warranted by the record and which if presented by the record might require a reversal. He states in his points that the defendant did not consent to the transfer of the proceedings to the Court of Special Sessions consisting of three justices and that the transfer was made over his objection and exception and that these objections were taken in the trial court and that exceptions were taken to their being overruled. Were it not for a concession made by the People, we think, by the facts stipulated and by the stipulation with respect to the points to be presented on the appeal, the defendant would be precluded from so claiming on this appeal, and that with respect to the point now being considered he might well be limited to the question as to whether in any circumstances it was competent for the magistrate as such or for a Court of Special Sessions held by him to transfer the action for trial to the Court of Special Sessions consisting of three

justices, and whether in any circumstances he could be tried in the latter court on the original information without a return being made by the magistrate to the district attorney pursuant to the provisions of section 221 of the Code of Criminal Procedure and the filing of an information by the district attorney pursuant to the provisions of sections 742 and 743 of the Code of Criminal Procedure.

The proceedings before a magistrate with respect to charges of violations of the Sanitary Code were formerly prescribed in and regulated by section 95 of chapter 659 of the Laws of 1910, which is an act in relation to the inferior courts of criminal jurisdiction in the city of New York and defining their powers and jurisdiction, and which is known as the Inferior Criminal Courts Act of the City of New York. That act was amended by chapter 531 of the Laws of 1915 by, among other things, adding " after article three a new article to be known as article three-a," and said section 95 was superseded by section 44, contained in the new article, and was repealed by section 39 of that chapter.    Said section 95 was confined to violations of the Sanitary Code and sanitary regulations, ordinances and orders, and, so far as here material, it provided that a magistrate after an arrest on his warrant and on the application of the department of health before the commencement of the trial should remit *the trial and papers* to the Court of Special Sessions but otherwise should proceed with the trial.    In People ex rel. Cohen v. Warden, etc. (150 App. Div. 419) we held that where a trial was so transferred under said section 95 it was contemplated that the trial in the Court of Special Sessions should be had on the information before the magistrate and that the provisions of the Code of Criminal Procedure, to which reference has been made, with respect to an information by the district attorney were not applicable.    Counsel for the defendant contends that they are applicable to every *transfer* of a trial by the magistrate or by a Court of Special Sessions held by him to the Court of Special

Sessions held by three justices of the Sessions. The People claim that even if an information by the district attorney were required, the filing thereof was not jurisdictional and that appellant was not prejudiced by the failure to file such an information which would be merely a more formal restatement of the information before the magistrate. This argument overlooks the fact that if further prosecution of the charge must be by information filed by the district attorney under sections 742 and 743 of the Code of Criminal Procedure, the district attorney is not obliged in all cases to prosecute it further and is only required to file an information if he finds that the facts warrant such action. (See People v. Dillon, 197 N. Y. 254.) Moreover, the filing of an information by the district attorney supersedes the information before the magistrate, and the district attorney in framing it may elaborate on the information before the magistrate and base his information in part on any evidence taken on a hearing before the magistrate, and the sufficiency of the charge then depends, not on the proceedings before the magistrate, but on the information filed by the district attorney, and, therefore, the jurisdiction of the Court of Special Sessions consisting of three justices depends upon the filing of the information, and where it is a transfer of the action as distinguished from holding the accused to answer after a preliminary hearing, it is essential that an order should be made by the magistrate or a Court of Special Sessions held by him, so transferring the action. (See People ex rel. New York Disposal Corp. v. Freschi, 173 App. Div. 189; People v. Kalbfleisch Co., 174 id. 108, 35 N. Y. Crim. 159; appeal dismissed, 220 N. Y. 760; People v. Sellaro, 178 App. Div. 27; affd., 221 N. Y. 662; People ex rel. Hertz v. Warden, etc., 149 App. Div. 939; People ex rel. Phillips v. Hanley, 164 id. 150; People v. Perrin, 170 id. 375. See, also, People v. Spier, 120 App. Div. 786.) The order transferring the action, if any was made, is not in the record, but in view of the stipulation that the proceedings were transferred and in view of the stipulation with

respect to the questions to be presented on the appeal, it would be assumed that by the transfer of the proceedings it was meant that the action was transferred, for there is no statutory provision for transferring or remitting to that court anything else. By the amendatory act of 1915, authority is conferred on every city magistrate to hold a Court of Special Sessions and to try and decide charges with respect to certain classes of misdemeanors specified in section 43, which is a new section added as part of " Article III-A; " and said section 44 as thus enacted relates not only to violations of the Sanitary Code but to all of the other misdemeanors specified in section 43, which includes violations of any ordinance of the city of New York which is punishable as a misdemeanor.    Said section 44 is as follows:

" § 44. Procedure.    Whenever a defendant is arraigned before a city magistrate for an offense which may be tried by a Court of Special Sessions held by a city magistrate, such city magistrate after taking the information and depositions and the statement of the defendant in relation thereto, or his waiver, may, with the consent of the defendant, after informing him of his right to be tried by three justices at the Court of Special Sessions provided for in articles two and three hereof, unless objection is made in behalf of the department in charge of the prosecution for a violation of a code, rule or order of such department, or in any other case by the district attorney, proceed to hold a Court of Special Sessions and try and determine such action upon the information taken by the magistrate and the plea of the defendant taken thereto by such Court of Special Sessions and shall exercise with regard thereto all the powers and jurisdiction of the Court of Special Sessions provided for in articles two and three hereof and may from time to time adjourn such trial.    In any case where the magistrate holds a Court of Special Sessions the action shall be tried and finally disposed of by him, or if the department in charge of the prosecution or the district attorney, as the case may be, and the

defendant consent, may be tried by a Court of Special Sessions to be held by the next magistrate sitting in the same magistrate's district court or be remitted with the papers to the Court of Special Sessions provided for in articles two and three hereof for trial there by three justices. At any stage of the proceeding before judgment the magistrate may allow the information to be amended in such manner as an indictment might be amended or may take an amended information of the complainant and continue the trial thereon, or he may suspend the trial and cause the complaint and other papers to be sent to the district attorney for trial, upon information, by three justices in the Court of Special Sessions, provided for in articles two and three hereof. If the defendant shall not give such consent, or if the department in charge of the prosecution or the district attorney as the case may be shall object as aforesaid at any time before the actual trial by the magistrate in such Court of Special Sessions the city magistrate shall proceed to examine such case as a magistrate and may, if the evidence warrant, hold such defendant to answer for trial before three justices at the Court of Special Sessions, provided for in articles two and three hereof."

The section is somewhat involved but it is not difficult to find the legislative intent, so far as is necessary to the decision of this appeal. The section provides that when a defendant is arraigned before a magistrate for an offense which may be tried by the magistrate sitting as a Court of Special Sessions, the magistrate " after taking the information and depositions and the statement of the defendant in relation thereto, or his waiver, may, with the consent of the defendant, after informing him of his right to be tried by three justices at the Court of Special Sessions * * *, unless objection is made in behalf of the department in charge of the prosecution for a violation of a code, rule or order of such department, or in any other case by the district attorney, proceed to hold a Court of Special Sessions and try and determine such action upon the information

\* \* \*, and the plea \* \* \* thereto." The section then provides that in any case where the magistrate holds a Court of Special Sessions he shall try and finally dispose of the action, but if the prosecution and the defendant consent, the trial may be by a Court of Special Sessions to be held by the next magistrate sitting in the same district, or that if the prosecution and the defendant consent, the *action* and *papers* may be *remitted* to the Court of Special Sessions provided for in articles 2 and 3 of the Inferior Criminal Courts Act "for trial there by three justices." It is next provided that " at any stage of the proceeding before judgment the magistrate may allow the information to be amended \* \* \* as an indictment might be amended or may take an amended information of the complainant and continue the trial thereon, or he may suspend the trial and cause the complaint and other papers to be sent to the district attorney for trial, upon information, by three justices in the Court of Special Sessions, provided for in articles two and three hereof." The section then provides in the last sentence for an examination by the magistrate for the purpose of determining whether the defendant should be held to answer in the other court or should be discharged. The consent of the defendant and the objection by the prosecution referred to in the last sentence of the section relate, I think, to the consent and objection referred to at the outset with respect to the trial by the magistrate holding a Court of Special Sessions. The provisions preceding the last sentence cover the case of a trial before the magistrate holding a Court of Special Sessions and of a trial by consent before a like court held by the succeeding magistrate and for the transfer of the action and papers to the Court of Special Sessions held by three justices and for the suspension of the trial by the magistrate, evidently on his own motion, and in that case for the transmission of the papers to the district attorney for trial before the Court of Special Sessions consisting of three justices upon an information to be filed by the district attorney. The final sentence was

intended to cover all other cases and it contemplates that where the necessary consents are not given to authorize a magistrate to hold a Court of Special Sessions and try the action and the necessary consents for a trial by the succeeding magistrate or for the transfer of the action to the Court of Special Sessions held by three justices is not given, then the magistrate shall proceed only as an examining magistrate to determine whether or not the information should be dismissed or the defendant should be held for trial by the Court of Special Sessions to be held by three justices. The learned assistant district attorney contends with respect to the construction of this section, that the only instance in which an information is required to be filed in the Court of Special Sessions held by three justices is the one expressly specified where the magistrate proceeds to hold a Court of Special Sessions and to try the action and then deems it proper that the case should be sent to the district attorney to be prosecuted by an information to be filed in the Court of Special Sessions held by three justices. Where the magistrate proceeds under the last sentence of the section and as an examining magistrate holds the defendant, there is, I think, the same reason for the subsequent prosecution on an information by the district attorney as exists in all other cases where the magistrate would not have jurisdiction to try but so examines and holds a defendant to answer, and in those cases it is clearly required by section 221 of the Code of Criminal Procedure that the magistrate shall make a return to the district attorney, who by sections 742 and 743 is then required to determine whether the charge shall be further prosecuted, and if he decides, to prosecute it, he is required to file an information and the further prosecution must be on such information. The Legislature may well have supposed that this would be understood and that it was only necessary specifically so to provide in the single case when a trial is suspended, for such *holding* by a magistrate after examination brings the case clearly within the provisions of said section 221 which was in force when said section 44 was

enacted.    It does not, however, appear that the defendant was, in the case at bar, held to answer by the magistrate after a preliminary examination.    The district attorney in the points concedes that such was the fact, but the stipulation is that the defendant was arraigned before the magistrate " and that the proceedings were thereupon transferred to the Court of Special Sessions."    As has been seen, the statute relates to a transfer of the *action*, and, therefore, the stipulation is ambiguous and may have been intended to be a transfer of the further proceedings after an examination and holding by the magistrate; and since the district attorney so conceded, we will assume that such was the intention of the parties.    Where there is a transfer of the action, as distinguished from remitting the papers to the district attorney on the suspension of a trial, and from holding the defendant to answer after a preliminary examination, I am unable to see why our former decision in People ex rel. Cohen v. Warden, etc. (supra) is not controlling, for we there, under like statutory provisions, held that it was contemplated that the trial in the court to which the case is transferred should be summary and on the information before the magistrate.    When the trial of the action is remitted or transferred by consent, the defendant consents that the information is sufficient for that purpose, but prefers to be tried thereon in the other court by three justices.    But if he does not consent to be tried before the single magistrate holding a Court of Special Sessions, or if he so consents and the prosecution objects, and he does not so consent to a transfer of the action, the magistrate must proceed as an examining magistrate, and then the defendant, if held, will be entitled to have the district attorney determine whether the charge shall be further prosecuted; and if further prosecuted, it must be upon an information filed by the district attorney.    This being a case of an examination and holding by the magistrate, and no information having been filed by the district attorney in the Court of Special Sessions, consisting of three justices, where the defendant was tried, the court was

without jurisdiction and the conviction cannot stand, but its reversal will not bar a prosecution by indictment. (People v. Dillon, supra.)

It follows that the judgment of conviction should be reversed and the defendant discharged.

CLARKE, P. J., SMITH, PAGE and PHILBIN, concur.

Judgment reversed and defendant discharged. Settle order on notice.