Benjamin Gassman, J.
The defendant moves to dismiss the information on the ground that said information was filed beyond the 10-day period provided for by section 743 of the Code of Criminal Procedure.
The Fourth Grand Jury of the County of New York, for the June, 1957 Term, on June 17, 1957, directed the District Attorney of New York County, to file an information, charging the defendant with the crime of perjury in the second degree, in violation of section 1620-b of the Penal Law. On the same day, an order was signed by a Judge of the Court of General Sessions, directing the filing of such information. On July 11, 1957, the District Attorney procured an order from one of the Justices of this court, extending his time to file such information to August 23, 1957. On August 22, 1957, the District Attorney procured another order from one of the Justices of this court, extending his time further to November 11,1957. The information herein was filed on October 25, 1957.
*641 It is defendant’s contention that, in view of the fact that the District Attorney was required, under section 743 of the Code of Criminal Procedure, to file the information within 10 days after the order directing such filing was made, and has failed to do so on or before June 27, 1957, this court did not possess the power to extend the time for the filing of such information by its order of July 11, 1957. It is defendant’s claim that such extension of time must be obtained prior to the expiration of such 10-day period and that the order made on July 11, 1957 was, therefore, made without authority in law.
In People v. Spier (120 App. Div. 786) the Appellate Division, First Department, held that the provision contained in section 743 of the Code of Criminal Procedure, was directory and not mandatory. The court at page 791, said: “the statute was intended, after the Court of Special Sessions was vested with jurisdiction of the trial of misdemeanors, except criminal libel, to provide for the prompt and orderly dispatch of business in said court. The statute is directed to the district attorney. It provides what he shall do and when. The general statutes of limitation for the prosecution of crimes remains untouched, unaffected and unrépealed. These statutes so remaining in full force and effect, it would be utterly unreasonable to hold that a statute directing the district attorney how to perform his duty should, by neglect upon his part, be turned into a short ten-day Statute of Limitations, preventing thereafter prosecution for a crime. If the district attorney has been derelict in his observation of the statute, that is for consideration in proper proceedings against him and does not inure to the benefit of the defendant, nor is the jurisdiction of the court ousted by delay in filing the information with it so long as the general Statute of Limitations has not run.” This decision has since been followed in other cases, and though rendered in 1907, is still good law today.
It follows that the defendant’s motion must be and is in all respects denied.