William B. Groat, J.
Application under article 78 of the Civil Practice Act for an order in the nature of prohibition, restraining the Court of Special Sessions of the City of New York, Queens County, from further proceeding upon an information filed by the District Attorney charging petitioner with violation of section 483 of the Penal Law, and for incidental relief.
The information was based upon the return of the Magistrate presiding in the Felony Court and his order, after hearing, holding petitioner for trial in the Court of Special Sessions. Of the several grounds urged, but two need to be here considered.
The first is that the Magistrate’s return was insufficient, for failure to make the stenographic minutes of the hearing a part thereof. The statute (Code Crim. Pro., § 221) directs that *545 the Magistrate must return the “ depositions ” to the District Attorney, but is silent about the stenographic minutes of the testimony taken at the hearing. Consequently, no duty devolves upon the Magistrate to return the minutes with the other papers mentioned in that section.
The second ground is that the District Attorney had no legal right to add a count of assault in the third degree to the information because the Magistrate’s return does not support such a charge. This ground is without merit, for the reason that the District Attorney, using the deposition and any evidence before the Magistrate as a source of information, is generally empowered to charge the defendant, in the Court of Special Sessions, with any offense disclosed thereby. (People v. Frooks, 190 App. Div. 378, 383; People v. Hamilton, 183 App. Div. 55, 66, affd. 230 N. Y. 577.)
Petitioner has challenged the jurisdiction of the Court of Special Sessions by demurrer which was overruled, and by motion which was denied, and the case has been set down for trial. All of the grounds urged by petitioner may be raised upon the trial, and any grievance founded upon adverse rulings is a proper subject for review by direct appeal from a possible judgment of conviction. Therefore, prohibition does not lie. (People ex rel. New York Disposal Plant v. Freschi, 173 App. Div. 189, 191.)
It follows that the two cross motions to dismiss the petition must be, and are, granted.
Submit order on notice.