William E. Ringel, J.
The defendant moves to dismiss count 3 of the information, filed against him by the District Attorney of this county, which charges him with the commission of a misdemeanor (Penal Law, § 1141). The motion is based on his contention that he was arrested without a warrant on December 30, 1963, for a misdemeanor committed in the arresting officer’s presence on December 29, 1963 and that such a warrantless arrest, after the fact, was unlawful, requiring a dismissal of that particular count.
The facts disclose that on December 29 the arresting officer purchased certain alleged obscene material from the defendant in a book store in this county. On December 30, the officer applied to a Judge of this court for a search warrant. In support of this application he supplied an affidavit, setting forth the December 29 purchase and exhibited to the Judge the obscene material purchased. The warrant was granted; a search of the defendant’s premises was made thereunder on December 30 at which time obscene material was seized. The defendant was thereupon arrested and arraigned on December 31, before a Judge of this court. The arraignment was on a sworn complaint, made by the officer, charging violations of section 1141 of the Penal Law on both December 29 and December 30. The matter was adjourned to January 15, 1964 on which date the defendant pleaded not guilty to the charges contained in the complaint.
Subsequently, on February 10, the defendant waived examination on the complaint and demanded a trial before a panel of three Judges. Such action by the defendant requires the filing of an information by the District Attorney, in the event he decides to prosecute, as was done in this case. (N. Y. City Grim. Ct. Act, §§ 40, 42).
The information thus filed contains three counts. The first two counts charge the defendant with misdemeanor offenses alleged to have been committed by him on December 30, and the third count charges the misdemeanor alleged to have been committed by him on December 29.
A misdemeanor having been committed in the officer’s presence on December 30, the defendant’s arrest without a warrant constituted a lawful arrest. (Code Grim. Pro., § 177, subd. 1.). The defendant has conceded as much. He does not challenge either of the first two counts nor has he moved to controvert the search warrant.
He does claim, however, that when he was arrested on December 30 for the misdemeanors alleged to have been committed by him on that day, that that also constituted an arrest for the misdemeanor alleged to have been committed by him, in *26 the officer’s presence, on December 29. He urges further, that such latter arrest was without a warrant and therefore unlawful, requiring the dismissal of count 3.
This claim by the defendant is pure speculation. It is not supported by anything in the record. Assuming arguendo, that such a warrantless arrest did in fact take place, the few reported cases on this subject indicate it would be a valid arrest if made within a reasonable time after the occurrence. Thus, such an arrest made a week after the event is undoubtedly invalid. (People v. Adler, 3 Park Cr. Rep. 249.) However, such arrests made 30 minutes after the event (Butolph v. Blust, 41 How. Prac. 481), was upheld. Additionally, in Stevens v. Gilbert (120 N. Y. S. 114), which was a suit for false imprisonment, the Appellate Term of the Supreme Court upheld the trial court’s refusal to charge that a warrantless arrest for a misdemeanor must be made at the very time of its commission. Furthermore subdivision 1 of section 177 does not prescribe any time limit within which such a misdemeanor arrest may be made.
There is also ample authority for the conclusion that where the court has jurisdiction of the offense, the manner or means by which the defendant is brought before the court is immaterial and of little importance. The court still has the power to try and sentence such a defendant. (People v. Baxter, 178 Misc. 625; People ex rel. Taylor v. Ramsden, 27 Misc 2d 641; People v. Smith, 36 Misc 2d 889.)
However, it is not necessary to dwell on these aspects of the law any further, since the motion must be denied for another compelling reason.
Prior to the merger of the New York City Magistrates’ Courts and the Court of Special Sessions (L. 1962, ch. 697, eff. Sept. 1, 1962), a defendant arraigned on a complaint, might demand a hearing or waive examination thereon, before a Magistrate (Code Crim. Pro., § 190). Thereafter the District Attorney might decline to prosecute further or if the facts warranted it, he was required to file an information. (People v. Dillon, 197 N. Y. 254.)
In the event he decided on further prosecution and filed an information, he was empowered to include therein any elaboration on the complaint before the committing Magistrate or any evidence taken at that hearing, if one were held. The “ sufficiency of the charges then depends, not on the proceedings before the magistrate, but on the information filed by the district attorney, and therefore the jurisdiction of the (court) * * depends on the filing of the information.” (People v. Frooks, 190 App. Div, 378.) Use of the “ return ” papers, under section *27 221 of the Code of Criminal Procedure, may he made by the District Attorney to elaborate on the- information before the Magistrate. (People v. Frooks, supra; People v. Hamilton, 183 App. Div. 55, affd. 230 N. Y. 577; People v. Spier, 120 App. Div. 786.)
The merger of the courts (L. 1962, ch. 697) did not change the power of the District Attorney, or of this court in respect to these matters, ibid. Nor was it the intention of the Legislature to do so. (Fifth Report of Joint Legis. Comm, on Court Reorganization.) Judges of this court are still Magistrates (N. Y. City Crim. Ct. Act, § 30). A defendant, who desires to be tried before a panel of three Judges, is still entitled to a hearing before a Judge of this court, sitting as a Magistrate, or he may waive such hearing (§ 40, ibid.), and in such instance, where the District Attorney decides to prosecute, an information must be filed, and he shall also receive the “ return ” required by section 221 of the Code of Criminal Procedure (§ 42, ibid.).
Additionally, under chapter 697 (supra) this court has the power ‘ ‘ To exercise all the rights, privileges and powers not inconsistent with this act, which on the thirty-first day of August, nineteen hundred sixty-two were by law vested in the then existing court of special sessions of the city of New York and the then existing magistrates’ courts of the city of New York, and in the justices and magistrates thereof.” (N. Y. City Crim. Ct. Act, § 33, subd. [10].)
This court has jurisdiction of the misdemeanor charged. (N. Y. City Crim. Ct. Act, § 31, subd. [1].) The misdemeanor of December 29 ascribed to the defendant was specifically set forth in the sworn complaint on which the defendant was arraigned. That complaint was a part of the “ return” forwarded to the District Attorney pursuant to the provisions of section 221 of the Code of Criminal Procedure. The District Attorney was empowered to include that misdemeanor charge in the information.
The motion is accordingly denied.