# COURT OF SPECIAL SESSIONS — NEW YORK — PART I.

## December 8, 1916.

## THE PEOPLE v. PHILIP MEGRINO.

(1.) JURISDICTION—ORDER TRANSMITTING CASE FOR TRIAL TO COURT OF SPECIAL SESSIONS.

Where there is no proof that an order transmitting case for trial has been made as required by Art. V, Inferior Criminal Courts Act, as amended by Laws 1915, chap. 531, both the information and records are defective and its omission is a jurisdictional defect.

(2.) SAME—INFERIOR COURTS ACT, SECTION 95-B.

Such a case " should have been tried by the municipal term " established by Inferior Courts Act unless the procedure set forth in 95-C was followed, which was not done.

Trial Bench. ARTHUR SALMON, P. J.; JOSEPH F. MOSS, JOHN J. FRESCHI, JJ.

*Thomas P. Hall,* for defendant.

*Lamar Hardy, Corporation Counsel,* for People.

The defendant had on the wagon of which he was the driver several cans of milk which the information charges was adulterated, and which the defendant intended to keep, sell and offer for sale in the city and county of New York, as alleged in the information, in violation of section 153 of the Sanitary Code.

At the close of the trial the defendant moved to dismiss this action.

FRESCHI, J.:

One of the grounds of objection to the information here is that it does not aver the making of the order transmitting the case for trial to this court.

Such an allegation is necessary and its omission is a jurisdictional defect. (People ex rel. New York Disposal Corp'n v. Freschi, Justice, etc., 173 App. Div. 189; People v. Modowsky, N. Y. Law Journal, Nov. 15, 1916, Court of Special Sessions.)

The statute requires the making of such an order (art. V, Inferior Criminal Courts Act, as amended by chapter 531, Laws of 1915), and there is no proof that this requirement has been complied with. In this respect both the information and the records are defective.

Furthermore, the Inferior Courts Act (§ 95b) provides that cases of this character " shall be tried by the municipal term " therein established, unless the procedure set forth in section 95c of this act is followed. This section reads as follows:

" Whenever a person is arrested for an offense over which the municipal term has jurisdiction, as provided in Section Ninety-five B of this Act, he shall be arraigned before the City Magistrate holding the term of the municipal term for the district within which the offense was committed and at the court room provided for such court. Such city magistrate, after taking the information and depositions and the statement of the defendant in relation thereto or his waiver, shall proceed, under the restrictions and in accordance with the procedure provided in Article III A. of this Act, to hold the municipal term of the Court of Special Sessions and try and determine such action." (See also sections 43 and 44 of the same act.)

The Board of City Magistrates may except from the operation of section 95b (supra) all cases of a specified kind. No proof has been offered to show that this case has been excepted.

The papers herein show that the defendant was arraigned, after his summary arrest, before a city magistrate holding court

in the fifth district, which is not, so far as we know, the designated municipal term; and the defendant was held for trial in this court after an examination before such magistrate. The procedure adopted before the Magistrates' Court in transferring the case for trial before three justices of the Court of Special Sessions is faulty.

I vote to grand the motion to dismiss the action.

Jos. F. Moss, J.:

I concur.

ARTHUR C. SALMON, J.:

I vote to acquit the defendant on the grounds that the facts presented at the trial do not show guilt beyond a reasonable doubt.