Albert A. Rubin, J.
Two questions are posed by this case:
(1) Can an appearance ticket which lists on the face thereof the charge against the defendant, and which appearance ticket is signed by the defendant, be an accusatory instrument for the purpose of arraigning a defendant.
(2) Can the court arraign a defendant on just the copy of the appearance ticket when the defendant appears in court in response to the appearance ticket and there is no officer there to charge him.
On March 15, 1977 Enrique Rodriguez appeared before the Rockville Centre Village Court pursuant to an appearance ticket issued by the Rockville Centre Police Department. Apparently he had been arrested on a warrant issued by the New York City Police Department for a violation of section 511 of the Vehicle and Traffic Law — driving with a suspended *357 license. No uniform traffic summons or long-form complaint was issued to him. When he was brought before the desk lieutenant he posted $25 under an appearance ticket and received the yellow copy of the appearance ticket. The defendant was told to be in court on Tuesday night, March 15, and a copy of the appearance ticket was filed with the Village Court Clerk.
The defendant appeared at the time. The officer who had arrested him was not on duty and did not appear.
Attached to the court’s copy of the appearance ticket was a Rockville Centre Police Department report to the effect that the New York City Police Department was to be notified immediately when this man came before the court as there was a warrant for his arrest and the New York City police wanted to pick him up.
The court clerk alerted the New York City Police Department as to the anticipated arrival of the defendant. When he did appear, the New York City Police Department was again called and told the defendant was in Rockville Centre. There was a refusal on their part to send anyone to the Rockville Centre Court; instead the request was: "Just tell him he was to show up in New York City.”
All the court had before it was the copy of the appearance ticket. The policeman who had arrested him was not present. Accordingly, the court released the defendant and instructed the Rockville Centre Police Department to return the $25 which had been posted.
There is an apparent misimpression that a signed appearance ticket is a sufficient document upon which to arraign the defendant.
CPL 1.20 (subd 1) defines an accusatory instrument as "an indictment, an information, a simplified information, a prosecutor’s information, a superior court information, a misdemeanor complaint or a felony complaint.” It does not include an appearance ticket which has a different purpose.
An appearance ticket is defined by CPL 1.20 (subd 26) as "a written notice issued by a public servant, more fully defined in section 150.10, requiring a person to appear before a local criminal court in connection with an accusatory instrument to be filed against him therein.” (Italics added.)
Thus, an appearance ticket is merely an invitation to appear. It does not give the court jurisdiction of the defendant or *358 of the subject matter. If a defendant voluntarily appears in court in response to an appearance ticket, a Judge cannot arraign him unless an accusatory instrument has been filed or unless the officer is present to charge him. Moreover, even though a police officer is present to charge a defendant, an accusatory instrument must still be filed.
There being nothing before the court in the form of an accusatory instrument that complied with the CPL, the defendant was properly released and entitled to the return of the moneys he had posted.