◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD BURGESS, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered December 7, 1981, convicting him of robbery in the first degree, rape in the first degree (two counts), kidnapping in the second degree (two counts), and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reversing the convictions of kidnapping in the second degree, vacating the sentences imposed thereon, and dismissing said counts. As so modified, judgment affirmed.

During the late evening of December 10, 1980, defendant and two others entered the Taco Bell Restaurant located on Hicksville Road, Massapequa, Nassau County. Producing a shotgun, the men held up the restaurant and then forced two young women employees to accompany them to an automobile that was in the restaurant parking lot. The women were driven to a dead-end street in Suffolk County where the men raped and sexually abused them. The drive took approximately 20 minutes. During the drive, while the perpetrators and their victims were apparently still in Nassau County, defendant placed his hand under one of the women's shirts and fondled her breast. He also told the women that if they went to the police they and their families would be killed. During this time, he still had a gun in his possession.

On this appeal, defendant argues that his convictions for rape must be reversed on the ground that since the rapes took place in Suffolk County, Nassau County did not have jurisdiction to bring him to trial on those offenses. Defendant's contention is unavailing. CPL 20.40 (subd 1, par [a]) provides that a county has jurisdiction over a criminal offense when conduct occurred within such county sufficient to establish "[a]n element of such offense". The People have the burden of proving the issue of geographical jurisdiction by a preponderance of the evidence, which issue is a question for the jury (People v Moore, 46 NY2d 1). Subdivision 1 of section 130.05 of the Penal Law provides that a man is guilty of rape in the first degree when he engages in sexual intercourse with a woman by forcible compulsion. At the time of the incident, subdivision 8 of section 130.00 of the Penal Law defined forcible compulsion as "physical force which is capable of overcoming earnest resistance; or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person, or in fear that he or another person will immediately be kidnapped".

Although defendant argues that the force displayed in Nassau County was "incidental and remote from the force ultimately exerted upon the complainants in Suffolk", by no stretch of the imagination can his conduct in forcing the women into a car at gunpoint, fondling one of the women's breasts as they proceeded from Nassau to Suffolk, and threatening their lives, be considered "incidental" or "remote" from the rapes that followed.

Rather, the force, physical and by threat, continued uninterrupted from the moment he displayed his weapon at the restaurant until he released the women after raping them. Under these facts, the People clearly proved by a preponderance of the evidence that forcible compulsion occurred in Nassau and, therefore, jurisdiction was properly exercised by that county.

We also reject defendant's contention that it was reversible error for the court to instruct the jury that jurisdiction existed if they found that defendant possessed the "specific intent" to rape when he was in Nassau County. Although section 130.05 of the Penal Law does not specifically set forth a culpable mental state requirement for the crime of rape, intent is clearly an element of that crime and, therefore, the statute is deemed to require that mental state (see Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 15.00, p 28; Penal Law, § 15.15, subd 2). While defendant argues at length that rape is a "general" rather than a "specific" intent crime, in this context any such distinction is irrelevant. In its charge to the jury on "specific intent", the court tracked the language of subdivision 1 of section 15.05 of the Penal Law which defines intentional conduct, one of the four culpable mental states recognized by section 15.05 of the Penal Law. In this case, defendant's conduct in Nassau County clearly indicated that he formed the requisite intent to commit the rapes when he was still in that county. Therefore, the jury could properly have based its finding of jurisdiction on that element. We note, in any event, that, given the overwhelming evidence of forcible compulsion in Nassau County, any error with respect to the intent charge was harmless.

Finally, the merger doctrine requires reversal of defendant's kidnapping convictions. Reviewing that doctrine in *People v Geaslen* (54 NY2d 510, 516-517), the Court of Appeals stated that it "is intended to preclude conviction for kidnapping and related offenses based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without those acts and independent criminal responsibility may not be fairly attributed to them" (see *People v Cassidy,* 40 NY2d 763, 767). The proof in this case revealed that the kidnapping was incidental to the commission of the rape and, therefore, the kidnapping convictions cannot stand (see, generally, *People v Stoesser,* 92 AD2d 650; *People v White,* 88 AD2d 940). We have reviewed defendant's other contentions and find them to be without merit. Lazer, J. P., Bracken, Weinstein and Niehoff, JJ., concur.