OPINION OF THE COURT
Ira R. Globerman, J.
An appearance ticket charging a building use violation of *885 the Administrative Code of the City of New York was issued against one Barbara Byfield, apparently the owner of the building in question, but was served upon one Michael Bartz who described himself to the issuing inspection officer as "in charge” of the premises.
On the return date of the appearance ticket an information was filed with the court. Barbara Byfield did not personally respond although an attorney representing her "appeared” to answer the calendar. The attorney, on behalf of Ms. Byfield, now moves to dismiss the information on the grounds that the appearance ticket was not personally served as required by CPL 150.40 (2). The motion is denied.
Defendant’s motion to dismiss reflects some confusion regarding the difference between personal jurisdiction in criminal and civil proceedings and the means by which it is obtained in each forum.
In a civil proceeding unless personal jurisdiction is obtained by some authorized means of serving process upon the defendant, or unless the defendant consents or submits, the court is without power to affect his rights (see, CPLR 304). However, once service is lawfully effected, the court is empowered to determine a defendant’s rights whether he appears or not (CPLR 3215). Because a defendant’s rights may be adjudicated absent an appearance, the CPLR permits the defendant to contest the propriety of service without either conceding jurisdiction or risking default (CPLR 3211 [a] [8], [9]). This is accomplished by means of the limited or special appearance (CPLR 320 [c]).
By contrast, in a criminal proceeding commenced by service of an appearance ticket, jurisdiction over a person is acquired only when that person appears himself, or by counsel when permitted, before the court for arraignment. (People v Grant, 16 NY2d 722, 723 [1965].) The criminal action is commenced only when an accusatory instrument is filed with the court (CPL 1.20 [16]; 150.50 [1]). Thus, service of an appearance ticket upon a person, whether proper or improper, does not confer personal or subject matter jurisdiction.[1] In fact, it is merely an invitation to appear; its primary function is notice *886 that an accusatory instrument will be filed against the defendant in court. (McClellan v New York City Tr. Auth., 111 Misc 2d 735, 736 [Civ Ct, Kings County 1981]; People v Rodriquez, 90 Misc 2d 356 [Vil Ct, Nassau County 1977]; see also, People v Scott, 3 NY2d 148, 151; City of Buffalo v Neubeck, 209 App Div 386, 389-390 [4th Dept 1924].)
Since even the proper service of the appearance ticket upon an individual confers no jurisdiction upon the court, its improper service affords no basis for dismissing a criminal proceeding for lack of jurisdiction. (People v MacFarlene Co., 130 Misc 2d 70 [Crim Ct, NY County].) The individual defendant’s failure to respond even to a properly served appearance ticket does not subject him to any adverse action in the case pending against him. Before being subjected to criminal sanctions, he must be personally brought before the court.[2]
This motion must be denied on procedural grounds as well. CPL 170.30 provides that a motion to dismiss an information may be made only after arraignment. This court apparently has no jurisdiction to entertain such a motion on behalf of a defendant who has not been arraigned (accord, People v MacFarlene Co., supra).
Thus, as there is neither a basis to dismiss a criminal action against an individual because of improper service of an appearance ticket nor jurisdiction to entertain such a motion, a "special appearance” by counsel to achieve such a result is unauthorized. In reaching this conclusion the court is not unmindful of several older cases in which the term "special appearance” is used to describe the presence of a criminal defendant’s attorney in a court to challenge jurisdiction. (See, e.g., People v Haber, 20 Misc 2d 272 [App Term, 2d Dept 1959]; People v Levins, 152 Misc 650 [App Term, 1st Dept 1934].) These cases, decided under the now superseded Code of Criminal Procedure, are found to be inapposite to the disposition of issues decided herein.
When an individual fails to appear in response to an appearance ticket, the court may compel the defendant’s appearance for the purpose of obtaining personal jurisdiction by *887 issuing a "summons or a warrant of arrest based upon the information or misdemeanor complaint filed” (CPL 150.60). Here, the court is denied personal jurisdiction over Ms. Byfield by virtue of her failure to appear for arraignment. Since the defendant obviously received notice of the pendency of these criminal proceedings as evidenced by her attorney’s submission of this motion, the court reiterates its invitation to the defendant to appear for arraignment on the next adjourned date to be set with counsel on February 14th. Her failure to appear will result in the issuance of a summons or a warrant for her arrest.

. But note that CPL 600.20 sets forth another rule to be applied to the corporate defendant. "Upon failure of appearance at the time such defendant is required to enter a plea to the accusatory instrument, the court may enter a plea of guilty and impose sentence.” Thus, service of a summons or appearance ticket on a corporate defendant does confer jurisdiction in personam. (People v Consolidated Edison Co., 42 Misc 2d 422 [City Ct 1964].)

. Failure to respond to a properly served appearance ticket charging a misdemeanor would subject the defendant to prosecution pursuant to Penal Law § 215.58 which states that a failure to appear on the return date of an appearance ticket within 30 days thereafter is a violation. Nevertheless, proper service would have to be proved before such a charge could be sustained and, of course, the defendant would have to appear to be prosecuted.