*312 OPINION OF THE COURT
Peter J. Benitez, J.
Defendant is charged in an information with operating a motor vehicle while under the influence of alcohol (DWI) (Vehicle and Traffic Law § 1192 [2], [3]). Defendant moves to dismiss the information arguing that the charges in the accusatory instrument are not those specified in the desk appearance ticket issued to him upon his arrest and that the People may not charge him with offenses not specified in that desk appearance ticket.
On April 5, 1990, defendant was arrested by an officer of the Port Authority Police Department and issued a desk appearance ticket pursuant to CPL article 150 requiring him to appear in Criminal Court on April 25, 1990. The desk appearance ticket specified that the offenses charged were "DWI, Unregistered Vehicle, Pass on Right VTL 1194, 401, 1123.” When defendant appeared in court on April 25, 1990, he was arraigned on an accusatory instrument charging him with operating a motor vehicle while under the influence of alcohol (DWI) (Vehicle and Traffic Law § 1192 [2], [3]) and unregistered vehicle (Vehicle and Traffic Law §401 [1]). The Vehicle and Traffic Law § 401 (1) charge was dismissed at arraignment.
CPL 150.50 (1) requires that, where a desk appearance ticket is issued, a local court accusatory instrument must be filed with the local criminal court in which the ticket is returnable on or before the date specified for defendant’s appearance "charging the person named in [the] appearance ticket with the offense specified therein” (emphasis added). In this case, the accusatory instrument charges defendant with only 1 of the 3 Vehicle and Traffic Law offenses specified by statutory section number in the appearance ticket (Vehicle and Traffic Law § 401) and, in addition, two offenses not specified by statutory section number but specified by title in that ticket, operating a motor vehicle while under the influence of alcohol (DWI) (Vehicle and Traffic Law § 1192 [2], [3]).
The issue before the court is whether, in a case where defendant’s presence was obtained by the issuance of an appearance ticket, the statute prohibits the filing of an accusatory instrument charging offenses not specified in that appearance ticket. Our research has disclosed no decisional authority *313 on this issue.* The People argue, in opposition to defendant’s motion, that, as the CPL authorizes the filing of superseding accusatory instruments, the People may file an accusatory instrument charging any offenses supported by legally sufficient allegations of fact and are not bound by the offenses specified by the arresting officer in the appearance ticket. Defendant argues that CPL 150.50 (1) limits the People to charging only those offenses specified in the appearance ticket.
For the following reasons this court holds that, where, as here, a defendant’s appearance in court is obtained by the issuance of an appearance ticket, the People may file and defendant may be prosecuted on an accusatory instrument which is sufficient under CPL 100.40 charging any offense based on the conduct for which the defendant was arrested and the People are not limited to charging the offenses specified in the appearance ticket.
In this case, it is clear that defendant was arrested for driving while intoxicated from the use of alcohol, as the appearance ticket’s abbreviation "DWI” reflects. The arresting officer, however, instead of specifying the Vehicle and Traffic Law section numbers (§ 1192 [2], [3]) defining the offenses of driving while intoxicated, in error specified the section charged as "VTL 1194”, a procedural section of the Vehicle and Traffic Law relating to arrest and testing. Accordingly, the accusatory instrument does charge the driving while intoxicated offense specified in the appearance ticket by title of the offense and corrects the erroneous Vehicle and Traffic Law section number set forth in the appearance ticket. On this ground alone, it can be said that the accusatory instrument charges only those offenses specified in the appearance ticket.
Alternatively, if the court did not consider the clear drafting error in the appearance ticket and were to view the accusatory instrument as charging offenses not specified in the appearance ticket, the accusatory instrument would still be authorized under the statute. While an argument can be made that the language of CPL 150.50 (1) limits the accusatory instrument to charging only offenses specified in the appearance ticket, an argument can also be made that CPL 150.50 (1) *314 simply requires that the accusatory instrument charge, at a minimum, the offenses specified in the appearance ticket, but does not prohibit the charging of additional offenses not specified in the appearance ticket. As the statutory language is unclear, its interpretation should bé based on an analysis of the purpose of a desk appearance ticket, the in personam jurisdictional significance of the process by which a defendant’s appearance in court is obtained, and the need for and existence of authority permitting the prosecutor to supersede criminal charges with different charges.
An appearance ticket is not an accusatory instrument. It is a process by which a person arrested for an offense may be released by the arresting officer with a direction to appear in criminal court at a future date. On that future date, an accusatory instrument, which is the legal prerequisite to the commencement of a criminal prosecution, must be filed and the defendant arraigned on the accusatory instrument. The criminal action does not commence until the filing of the accusatory instrument (CPL 1.20 [16], [17]) and, where the defendant is served with an appearance ticket, commences when he first appears in court (CPL 30.30 [5] [b]), and the charges on which a defendant is prosecuted are not those for which the officer arrested the defendant, but rather, are those charged in the accusatory instrument (CPL 1.20 [4]). Accordingly, it is the prosecutor, not the arresting officer, who is charged with the duty and responsibility to determine whether the commencement of a criminal proceeding is warranted and, if so, to determine, in the first instance, what charges should be filed with the court. Such determinations are, of course, not unlimited, as they are subject to review by the courts as provided by law. The prosecutor’s authority to determine the appropriate charges guards against overcharging or undercharging by the arresting officer and insures that the prosecutor, the public official who must ultimately prosecute the case, is satisfied that there is sufficient evidence to warrant the commencement of a criminal prosecution for the offenses charged.
Additionally, allowing the prosecutor to file different or additional charges where a defendant’s appearance in court is obtained by the issuance of a desk appearance ticket does not constitute an impermissible exercise of in personam jurisdiction over a defendant. As held in People v Gross (148 Misc 2d 232), based on the authority cited therein, service of process is not required in a criminal case as it is in a civil case for the court *315 to obtain jurisdiction over a party. In a criminal case a person’s appearance in court and the filing of an accusatory instrument charging that person with an offense, regardless of the process by which such presence is obtained, gives the court jurisdiction over that person for the purposes of exercising all authority conferred by law upon the courts regarding criminal proceedings.
Finally, the Criminal Procedure Law specifically provides that the prosecutor is not limited to prosecuting a defendant for the offenses charged in the originally filed accusatory instrument. CPL 100.50 (1) permits the prosecutor to file a superseding information charging crimes not charged in a pending information. Also, CPL 170.65 (2) provides that an information filed to replace a misdemeanor complaint need not charge the same offenses charged in the pending complaint so long as at least one count of the new accusatory instrument is based on conduct which was the subject of the original complaint. This authority allows a prosecutor to correct defective pleadings to charge appropriate offenses and plead legally required facts.
Accordingly, CPL 150.50 (1) should not be read to prohibit the filing of an accusatory instrument charging an offense not specified in the appearance ticket when a defendant appears in court as directed by that process, particularly where, as here, the charges in the accusatory instrument clearly are based on the conduct for which defendant was arrested and given the appearance ticket. Defendant’s motion to dismiss is, therefore, denied.

 In People v Gross (148 Misc 2d 232 [Crim Ct, Kings County]) the court stated that an accusatory instrument charging offenses not designated in the appearance ticket is defective, but dismissed the matters before it on other grounds.