OPINION OF THE COURT
Gilbert Rabin, J.
Defendant has been charged by simplified traffic informations with violating the following sections of the New York State Vehicle and Traffic Law: (1) section 1102 (failure to comply); (2) section 1192 (3) (driving while intoxicated); (3) section 1128 (a) (unsafe lane change); and (4) section 1180 (d) (speeding).
*865 At the time of his arrest on October 6, 1990, defendant was given an appearance ticket instructing him to appear in the Mt. Vernon City Court on October 16, 1990. Defendant appeared twice in that court before learning that his case had, in fact, been commenced in the Yonkers City Court by the filing of the subject accusatory instruments. Thereafter, on October 30, 1990, defendant appeared in the Yonkers City Court whereupon he was served with the aforementioned simplified traffic informations and a supporting deposition.
Defendant now moves to dismiss all of the charges on the grounds that the filing of the accusatory instruments in Yonkers City Court violates CPL 150.50 (1), which section requires a police officer who has issued an appearance ticket to file the appropriate accusatory instrument "with the criminal court in which it [the appearance ticket] is returnable”. (Emphasis added.) Defendant contends that pursuant to CPL 150.50 (1), the subject charges should have been filed in the Mt. Vernon City Court which is the court where the appearance ticket was made returnable. Defendant has also raised an issue as to the geographical jurisdiction of the Yonkers City Court over this matter.
An appearance ticket is merely an invitation to appear; it does not confer jurisdiction. (People v Byfield, 131 Misc 2d 884, 885.) It is the filing of the accusatory instrument which gives the court jurisdiction. (Supra.) Thus, CPL 150.50 (1) requires the filing of the appropriate accusatory instrument in the local criminal court in which the appearance ticket is returnable at or before the return date. This section, however, cannot be construed in isolation. Clearly, CPL 150.50 (1) presupposes compliance with CPL 150.40 (1) which requires an appearance ticket to be made returnable in a local court where an information for the offense in question may be filed. The appropriate court for the filing of the information is the City Court of the particular city where the offense was allegedly "committed in” (CPL 100.55 [3]), which means any court that has geographical jurisdiction over the offense pursuant to CPL 20.50. (CPL 100.55 [10].)
The People must prove geographical jurisdiction at trial. (People v Burgess, 107 AD2d 703.) As applied to this case, this would mean that the People must prove that the alleged offenses occurred in the City of Yonkers or within 100 yards thereof. (CPL 20.50.) A challenge to geographical jurisdiction may, however, be raised prior to trial (Matter of Steingut v *866 Gold, 42 NY2d 311, 316), by filing of a motion to dismiss on the ground that the court lacks jurisdiction. (Matter of Machado v Donalty, 107 AD2d 1079, 1080.)
The actual place where the alleged crime was committed is generally a question of fact for the jury to decide. (People v Moore, 46 NY2d 1, 6-7.) There appears to be no issue in this case as to the place where the offenses allegedly occurred. Defendant, however, has raised an issue as to the location of the boundary between Yonkers and Mt. Vernon, which is a proper question to be decided by the court. (Supra, at 6.) Thus, since defendant has now raised the issue of geographical jurisdiction prior to trial, and where that issue also directly impacts on defendant’s motion to dismiss under CPL 150.50 (1), the court deems it appropriate, only for purposes of deciding defendant’s motion, to determine at a hearing the jurisdiction in which the alleged offenses occurred.
If, after the hearing, the court finds that the Mt. Vernon City Court is the only court that has geographical jurisdiction over the said charges, then the charges against defendant in this court must be dismissed. If, however, this court determines that only Yonkers has geographical jurisdiction or that both Yonkers and Mt. Vernon have geographical jurisdiction, then the filing of said charges in Yonkers was proper. The fact that the appearance ticket directed defendant to appear in the City Court of Mt. Vernon is not a jurisdictional defect warranting dismissal of the charges. As previously stated, an appearance ticket is merely an invitation to appear; its issuance does not obviate the need for the filing of a proper accusatory instrument, which is the instrument that gives the court jurisdiction.
For the same reason, even where an appearance ticket is improperly served, a criminal proceeding is not subject to dismissal for lack of jurisdiction. (See, People v Byfield, supra, at 886; People v MacFarlene Co., 130 Misc 2d 70, 71.) As aptly stated by Judge Freedman in the MacFarlene case cited above, " '[tjhere is * * * ample authority for the conclusion that where the court has jurisdiction of the offense, the manner or means by which the defendant is brought before the court is immaterial and of little importance.’ ” (Supra, at 71, quoting People v Sessa, 43 Misc 2d 24, 26.)
The primary function of an appearance ticket is to give notice to the defendant of the date at which the accusatory instrument will be filed against the defendant in court. (People *867 v Byfield, supra, at 886.) While the court regrets the inconvenience caused to defendant by having to twice appear in the Mt. Vernon City Court, the defendant did eventually appear in the Yonkers City Court. The court also notes that the court’s file does include a letter regarding the subject appearance ticket dated October 10, 1990, written to defendant from the supervisor of the Records Unit of the Westchester County Police, instructing defendant to appear in the Yonkers City Court on October 18, 1990.
Accordingly, a hearing is ordered, which will take place on January 29, 1991 at 11:00 a.m. in Part 3A of this court. The only issue to be determined at the hearing is whether or not the offenses charged against defendant were "committed in” the City of Yonkers. (See, CPL 100.55 [10].) The burden is on the People at the hearing to prove geographical jurisdiction by a preponderance of the evidence. (People v Burgess, supra, at 704.)