OPINION OF THE COURT
Harold Adler, J.
Defendant stands charged with numerous misdemeanors *596 and violations of the New York City Administrative Code and moves this court for dismissal.
The facts are not in dispute. For each charge, an appearance ticket was issued by the New York City Department of Transportation listing November 8, 1991, as the "date of appearance”. On that date counsel for defendant appeared in the summons appearance part (SAP) as instructed by the appearance tickets, only to learn that these matters were not on the court calendar. Defendant’s attorney later received a letter from the Department of Transportation dated November 21, 1991, notifying him that these matters were rescheduled to December 6, 1991. On December 6, 1991, a motion schedule was set on the issue of whether the People’s ex parte rescheduling of these matters renders them jurisdictionally defective. This court now addresses this issue.
In its affidavit in support of its motion to dismiss, defendant contends that the People violated CPL 150.50 by failing to file an accusatory instrument on or before November 8, 1991. CPL 150.50 states, in relevant part: "1. A police officer or other public servant who has issued and served an appearance ticket must, at or before the time such appearance ticket is returnable, file or cause to be filed with the local criminal court in which it is returnable a local criminal court accusatory instrument charging the person named in such appearance ticket with the offense specified therein.”
The People failed to satisfy CPL 150.50 in that they did not file a simplified information or misdemeanor complaint "at or before the time such appearance ticket is returnable”. Defendant contends that the People’s violation of CPL 150.50 should result in dismissal of these proceedings. Defendant contends that the court in People v Rodriguez (90 Misc 2d 356 [Rock-ville Center Vil Ct, Nassau County 1977]) "dismissed a proceeding for the failure of the People to file timely appearance ticket”. However, the court in Rodriguez merely addressed the issue of whether defendant could be arraigned on an appearance ticket. In the case before this court, defendant contends that the People’s rescheduling of the date of appearance should result in dismissal for lack of jurisdiction. Rodriguez does not address this issue and therefore is not persuasive.
Jurisdiction Over the Person
In order for a court to render judgment in a criminal case, it need obtain jurisdiction over both the subject matter and *597 over the person. (Matter of Lurie v District Attorney, 56 Misc 2d 68, 69 [Sup Ct, Kings County 1968].) Jurisdiction over the subject matter is derived from statute; it can never be acquired by waiver or consent. Jurisdiction over the person, however, may be obtained by a valid arrest or appearance ticket or by waiver or consent. In People v Sessa (43 Misc 2d 24, 26 [Crim Ct, NY County 1964]), the court held that "[t]here is also .ample authority for the conclusion that where the court has jurisdiction of the offense, the manner or means by which the defendant is brought before the court is immaterial and of little importance.” That case further held that as long as defendant appeared before the court in which the matter is properly pending, the court has its jurisdictional basis. This Sessa rule is still valid today. In personam jurisdiction is acquired by the appearance of the defendant in court. (People v Byfield, 131 Misc 2d 884 [Crim Ct, NY County 1986].)
Defects in the contents, service or issuance of an appearance ticket (which is considered only an invitation to appear) cannot be a jurisdictional impediment to prosecution and afford no basis for dismissing a criminal proceeding for lack of jurisdiction. (People v Byfield, supra; People v MacFarlene Co., 130 Misc 2d 70 [Crim Ct, NY County 1985].)
In the case before this court, the "date of appearance” written on the appearance tickets turned out to be defective. But in a criminal proceeding, jurisdiction over the person is acquired by the filing of an information and an appearance by defendant. (People v Grant, 16 NY2d 722, 723 [1965].) The defects in the appearance tickets are therefore immaterial as defendant has appeared before this court. Accordingly, this court has jurisdiction in these matters.
Consequence of Failure to Comply with CPL 150.50 (1)
The People’s failure to comply with CPL 150.50 (1) does not necessitate dismissal of the information. In People v Coore (149 Misc 2d 864 [Yonkers City Ct 1991]) the People failed to comply with CPL 150.50 (1) when they failed to file the appropriate accusatory instrument "with the local criminal court in which it [the appearance ticket] is returnable”. In that case the appearance ticket instructed defendant to appear in Mt. Vernon City Court and defendant appeared there twice before learning that his case had, in fact, been commenced in the Yonkers City Court. Defendant moved to dismiss on grounds that the People violated CPL 150.50 (1). The *598 court in Coore held that if Yonkers has geographical jurisdiction, the "filing of said charges in Yonkers was proper” despite the People’s failure to comply with CPL 150.50 (1). (People v Coore, supra, at 866.) The court stated that "the fact that the appearance ticket directed defendant to appear in the City Court of Mt. Vernon is not a jurisdictional defect warranting dismissal of the charges” (supra, at 866).
The nature and function of the appearance ticket is further reflected in People v Dillin (148 Misc 2d 311 [Crim Ct, NY County 1990]). In that case the People filed an accusatory instrument charging offenses not specified in the appearance ticket. This violates CPL 150.50 (1) which requires, in part, that where a desk appearance ticket is issued, a local court accusatory instrument must be filed "charging the person named in such appearance ticket with the offense specified therein.” The court in Dillin denied defendant’s motion to dismiss and stated that "CPL 150.50 (1) should not be read to prohibit the filing of an accusatory instrument charging an offense not specified in the appearance ticket when a defendant appears in court as directed by that process” (People v Dillin, supra, at 315). "An appearance ticket is not an accusatory instrument. It is a process by which a person arrested for an offense may be released by the arresting officer with a direction to appear in criminal court at a future date.” (People v Dillin, supra, at 314.)
Similarly, CPL 150.50 (1) should not be read to prohibit the rescheduling of the appearance date especially where, as in the case before the court, defendant was not substantially prejudiced by the People’s rescheduling of the case. In the case before the court, defendant’s attorney happened to be in the SAP on another matter on the date indicated on the subject appearance tickets (Nov. 8, 1991). Thus, the People’s failure to comply with CPL 150.50 (1) didn’t even result in defendant’s attorney making an unnecessary trip to court.
But what incentive do the People have to docket their cases in a timely manner and, more importantly, what due process protections against such "defective” practices is afforded defendants? Here, the speedy trial protections of CPL 30.30 may be applied. Pursuant to CPL 30.30 the People must effectively announce their readiness for trial within 60 days from the commencement of the action for a class B misdemeanor or within 30 days for a violation. And CPL 30.30 (5) (b) provides that "[w]here a defendant has been served with an appearance ticket, the criminal action must be deemed to have com *599 menced on the date the defendant first appears in a local criminal court in response to the ticket”. Thus, in the case before this court, CPL 30.30 (5) (b) should protect defendant’s statutory right to due process. (For an in-depth discussion of this issue see, People v D’Alessio, 134 Misc 2d 1005 [Crim Ct, Richmond County 1986]; see also, People v Vescur, 134 Misc 2d 574 [Crim Ct, NY County 1987].)
Accordingly, defendant’s motion to dismiss is denied. However, this court recommends to the People that when an appropriate accusatory instrument is not filed at or before the time the appearance ticket is returnable, the People should notify defendant before the original scheduled appearance date. This will prevent defendant from making an unnecessary trip to the courthouse. Otherwise, if a defendant appears at court and an accusatory instrument is not filed, this court might consider dismissing the action in the interest of justice if defendant has suffered prejudice.