OPINION OF THE COURT
Bernard S. Greenbaum, J.
The defendant is charged with violating section 19-105 of the Administrative Code of the City of New York.
*355 The defendant moved to dismiss the information as jurisdictionally defective on the ground that the People failed to conform with the requirements of CPL 150.50.
The People contend that their failure to comply with CPL 150.50 does not render the information defective.
After due deliberation, the court finds as follows:
The facts are not in dispute. Defendant Consolidated Edison Company of New York, Inc., a corporation, was issued an appearance ticket by the New York City Department of Transportation for the above violation on May 5, 1993. The ticket was returnable in Criminal Court on July 14, 1993. An accusatory instrument was not filed with this court on or prior to the return date, July 14, 1993. The defendant appeared by its attorney on July 14, 1993 and discovered that the instant matter was not on the calendar. On August 4, 1993 the instant information was filed. The defendant’s attorney happened to be in court on that date on an unrelated matter and appeared on behalf of the defendant. On August 4, 1993 the defendant moved to dismiss the information for failure to comply with CPL 150.50. The defendant contends that since the information was not filed with this court prior to or on the return date on the appearance ticket, this court never obtained subject matter jurisdiction over the case. Defendant further argues that failure to comply with the statutory requirement requires that the instant information be dismissed notwithstanding the fact that the People filed an accusatory instrument on August 4, 1993. The People contend that the court obtained valid subject matter and in personam jurisdiction over the defendant on August 4, 1993, and that failure to comply with CPL 150.50 does not necessitate dismissal.
CPL 150.50 provides:
"1. A police officer or other public servant who has issued and served an appearance ticket must, at or before the time such appearance ticket is returnable, file or cause to be filed with the local criminal court in which it is returnable a local criminal court accusatory instrument charging the person named in such appearance ticket with the offense specified therein. Nothing herein contained shall authorize the use of a simplified information when not authorized by law.
"2. If such accusatory instrument is not sufficient on its face, as prescribed in section 100.40, and if the court is satisfied that on the basis of the available facts or evidence it *356 would be impossible to draw and file an accusatory instrument which is sufficient on its face, it must dismiss such accusatory instrument.”
The plain language of this statute (CPL 150.50) mandates the filing of an accusatory instrument with the court on or before the return date of the appearance ticket. The statute states that an accusatory instrument "must” be filed with court "at or before” the return date of an appearance ticket which has been issued. The words of this statute are clear. The purpose of this statute is to place a filing requirement upon the person or agency issuing appearance tickets thereby protecting the citizens’ due process rights.
In interpreting the meaning of a statute, every word of a statute must be given effect. "In construing a statute, no part thereof is to be considered meaningless unless that conclusion is inevitable.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 231.) The literal language of a statute should be enforced and statutes strictly construed except where the plain intent and purpose of the statute would otherwise be defeated. (McKinney’s Cons Laws of NY, Book 1, Statutes § 111.) Further, where appearance tickets are issued, CPL 150.50 is the mechanism by which the court obtains subject matter jurisdiction over the offense. Prior to the filing of the accusatory instrument the court has no jurisdiction to take any action with respect to the charge or the individual (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 150.50, at 692). Where an appearance ticket is issued, the court obtains subject matter jurisdiction over the matter by the filing of an accusatory instrument with the court. (People v Grant, 16 NY2d 722 [1965].) Prior to the time an accusatory instrument is filed, there is no action pending before the court. When an accusatory instrument is not filed within the time specified by statute, the appearance ticket becomes a nullity. The case is not commenced and there is a jurisdictional defect. The remedy for the People’s failure to file an accusatory instrument should be that they must re-serve an appearance ticket upon the defendant or initiate the action in another manner. To hold any other way is to put the interests of enforcement agencies above the due process interests of defendants.
This court is aware of the cases relied upon by the People to support their position. However, this court disagrees with the holdings of both People v D’Alessio (134 Misc 2d 1005 [Crim Ct, Richmond County 1986]) and People v Consolidated Edison *357 Co. (153 Misc 2d 595). The above cases disregarded the plain meaning of the word must in CPL 150.50 and, in effect, denied the defendant due process.
The court, in People v Consolidated Edison Co. (supra), considered the failure to file an accusatory instrument as a defect on the face of the appearance ticket. This court disagrees. The failure to file an accusatory instrument is a defect in subject matter jurisdiction. There was no indication that the People made a clerical error on the appearance ticket. A court must obtain subject matter and in personam jurisdiction in order to preside over a case. While the Consolidated Edison court acknowledged that subject matter jurisdiction is derived from statute and may never be waived or consented to, the court did in fact waive the subject matter jurisdiction requirement. In presiding over and granting an adjournment for a case in which no accusatory instrument exists, the court has in effect waived the subject matter jurisdiction requirement. The court states "CPL 150.50 (1) should not be read to prohibit the rescheduling of the appearance date especially where * * * defendant was not substantially prejudiced” (People v Consolidated Edison Co., supra, at 598). Whether the defendant has been prejudiced is irrelevant. Subject matter jurisdiction may never be obtained by waiver or consent.
The rulings of the D'Alessio and Consolidated Edison decisions (supra) relieved the People of their statutory duty pursuant to CPL 150.50. The courts justified their holdings by indicating that the defendant’s interests are protected by the speedy trial statute, specifically CPL 30.30 (5) (b). The courts held that pursuant to CPL 30.30 (5) (b), a case is commenced when the defendant appears in criminal court in response to an appearance ticket, regardless of whether an accusatory instrument has been filed. In so holding the courts essentially created a legal fiction whereby a case will be deemed to have been commenced prior to the time the court obtains subject matter jurisdiction over the case. This court disagrees with such holding. CPL 30.30 (5) (b) was drafted to operate in conjunction with CPL 150.50. The Legislature was aware that the People are required by statute to file an accusatory instrument with the court on or before the date a defendant is required to appear in response to an appearance ticket. If the statutes are adhered to, subject matter and in personam jurisdiction are established at the time of defendant’s appearance. It is at that time that the case is deemed commenced pursuant to CPL 30.30 (5) (b).
*358 Therefore, the instant action is dismissed without prejudice to the People. The instant matter was never properly commenced because the People failed to file an accusatory instrument in a timely fashion.