*908 OPINION OF THE COURT
Laura Visitacion-Lewis, J.
Defendant, Consolidated Edison Company of New York, moves to dismiss four matters docketed as 93N400084X, 93N400089X, 93N408972X and 94N397618X, on the ground that the failure of law enforcement agents to file accusatory instruments by the return date of the appearance ticket renders the court without jurisdiction.[1] This issue has been the subject of prior challenges by the within corporate defendant, as well as other parties, and has resulted in conflicting decisional law among the trial courts. Indeed, Consolidated Edison of New York is the named defendant in two recent cases which reached opposing results. For the reasons set forth below, defendant’s motions to dismiss are granted.
The facts are undisputed. In each case, appearance tickets charging violations of the Administrative Code of the City of New York were issued by Department of Transportation inspectors, and made returnable to the Criminal Court, Summons Appearance Part. On the specified return dates, accusatory instruments had not yet been filed, and the matters were therefore undocketed. Counsel appearing on behalf of the corporate defendant was informed by Department of Transportation personnel that defendant would be notified of the new return date.[2]
*909 Thereafter, informations were filed, and the cases were docketed and placed on the court’s calendar for the newly scheduled date. The instant motions to dismiss for lack of jurisdiction ensued.
In pertinent part, CPL 150.50 (1) provides as follows: "A police officer or other public servant who has issued and served an appearance ticket must, at or before the time such appearance ticket is returnable, file or cause to be filed with the local criminal court in which it is returnable a local criminal court accusatory instrument charging the person named in such appearance ticket with the offense specified therein” (emphasis added).
The plain meaning, as well as the clear import, of this statute — both undisputed by the People — is that the filing of an accusatory instrument by its return date is mandated under the law. That which is in issue, and what has divided the trial courts, is the significance of a failure to comply with this statutory requirement, and how it should be redressed.
Analysis has largely focused on the question of whether a court acquires personal and/or what has been referred to as "subject matter jurisdiction” [3] when a defendant comes to court in response to an appearance ticket, only to find that no accusatory instrument has been filed, and that his case does not appear on the calendar.
In People v Consolidated Edison Co. (153 Misc 2d 595 [Crim Ct, NY County 1992] [hereinafter Con Ed I]), the court found no jurisdictional impediment in the failure to file an accusatory instrument by the return date, ruling that this was solely a "defective” date of appearance, which affected neither subject matter nor personal jurisdiction. Citing People v D’Alessio (134 Misc 2d 1005 [Crim Ct, Richmond County 1986]), the court further held that defendant’s due process rights were protected by assessing speedy trial time as of the date of defendant’s initial appearance.
D’Alessio (supra) involved a desk appearance ticket issued to *910 a defendant for driving while intoxicated and related crimes. Although an accusatory instrument was not filed on either the return date or the subsequent court date, no jurisdictional challenge was raised. Rather, defendant returned to court on the third date, at which time the accusatory instrument was filed, engaged in motion practice, and was granted a Huntley hearing. Following the People’s second failure to be ready for that hearing, defendant moved to dismiss on speedy trial grounds.
In deciding defendant’s motion, the court framed the issue as one of when a criminal action commences "for purposes of determining speedy trial” (supra, at 1006), and computed the includable time from the date of defendant’s first appearance, citing CPL 30.30 (5) (b). In pertinent part, this subdivision states: '[f]or purposes of this section * * * [wjhere a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket” (emphasis added). Defendant’s motion to dismiss was granted.
Declining to adopt the reasoning of Con Ed I (supra) and People v D'Alessio (supra), the court in People v Consolidated Edison Co. (159 Misc 2d 354, 357 [Crim Ct, Queens County 1993] [hereinafter Con Ed II]) rejected the "legal fiction” that CPL 30.30 (5) (b) may be used to deem a case to have commenced with defendant’s appearance when no accusatory instrument has been filed. The court held that the failure to timely file an accusatory instrument in accordance with the plain language of CPL 150.50 (1) rendered the appearance ticket a "nullity” (at 356) and therefore deprived it of subject matter jurisdiction. The appropriate remedy, the court concluded, was dismissal without prejudice to the People to reserve an appearance ticket or to otherwise recommence the criminal proceeding.
Because I believe that the failure to file an accusatory instrument on or before the return date in accordance with CPL 150.50 (1) is not merely a facial defect or a delay remediable by an adjournment charged to the People, I concur with Con Ed II (supra), but would, for the reasons below, additionally require that any recommenced criminal proceedings contain notice of the prior dismissal.
New York’s Criminal Procedure Law prescribes that "[a] criminal action is commenced by the filing of an accusatory *911 instrument”. (CPL 1.20 [17]; 100.05; People v Lomax, 50 NY2d 351, 356 [1980]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 100.05, at 208-209.)
Thus, it has repeatedly been held that the mere issuance of a desk appearance ticket does not constitute the commencement of a criminal proceeding. (See, e.g., Farkas v State of New York, 96 Misc 2d 784, 787-788 [Ct Cl 1978].) Rather, its issuance "must be followed by the filing of an appropriate accusatory instrument * * * which then commences the criminal action” (emphasis in original). (McClellan v New York City Tr. Auth., 111 Misc 2d 735, 736 [Civ Ct, Kings County 1981]; see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 150.10, at 678.) For this reason, an appearance ticket has long been deemed "merely an invitation to appear” (People v Rodriguez, 90 Misc 2d 356, 357 [Vil Ct, Nassau County 1977]), and held not to "constitute an accusatory instrument for purposes of trial or plea.” (People v Jarmain, 93 Misc 2d 950, 951 [Crim Ct, NY County 1978].)
Absent the filing of a proper accusatory instrument after the issuance of an appearance ticket, the court cannot acquire subject matter jurisdiction over a case. (See, People v LaRose, NYLJ, June 28, 1994, at 33, col 5 [App Term, 2d Dept]; Con Ed II, supra, at 356; People v Coore, 149 Misc 2d 864, 865-866 [Yonkers City Ct 1991]; People v Gross, supra, at 241; People v Byfield, 131 Misc 2d 884, 885 [Crim Ct, NY County 1986]); People v MacFarlene Co., 130 Misc 2d 70, 71 [Crim Ct, NY County 1985]); People v Rodriguez, supra, at 357-358.)
Nor can a defendant’s appearance in court prior to the filing of the accusatory instrument confer in personam jurisdiction, for "[p]rior to the filing of [an accusatory] instrument the court has no jurisdiction to take any action with respect to the charge or the individual upon whom the ticket was served.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 150.50, at 692.) As the Court of Appeals has held, a court "acquire[s] jurisdiction of defendant’s person by the filing of an information and an appearance by defendant” (emphasis added). (People v Grant, 16 NY2d 722, 723 [1965], cert denied 382 US 975; People v MacFarlene Co., supra.)
Indeed, it would be violative of due process for a court to assume personal jurisdiction over a person against whom no case has been filed in court, for: "[a]n accusatory instrument gives the defendant notice of the offense charged and binds *912 the prosecution to the allegations it must prove. It is a necessary correlate to the rights to due process, fair trial and confrontation. Thus, it would be constitutionally impermissible for a court to use its power in the absence of a properly filed, legally sufficient accusatory instrument. The failure to file a proper accusatory instrument has been held unwaivable; consequently, it is deemed a fatal 'jurisdictional defect’ ” (People v Gross, supra, at 241 [citations omitted]).
The protections accorded defendants under CPL article 30, which ensures an accused a speedy trial, can neither cure this jurisdictional defect, nor otherwise redress the problem. First, by its own terms, the CPL 30.30 (5) (b) exception to the rule of commencement is limited to matters involving speedy trial relief and, as one court has noted, "[a]n action must commence before any speedy trial provisions become applicable.” (People v Paige, 124 Misc 2d 118, 119 [Crim Ct, Bronx County 1984].) Moreover, the history and purpose of this subdivision support this limited application.
Prior to its 1982 amendment, CPL 30.30 (5) (b), read, "where a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date such appearance ticket is returnable in a local criminal court”. Thus, the People, who had timely filed an accusatory instrument, were strictly held to the prescribed periods for converting to an information, while defendants who had failed to appear were accorded the benefit of includable time until such conversion. The Legislature specifically sought to remedy this situation "since, in these nonfelony cases, it is unreasonable to require the prosecutor to prepare and answer 'ready’ when the defendant has not complied with process.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, 1983-1984 Pocket Part, at 27; People v Paige, supra, at 120; People v Solomon, 124 Misc 2d 33, 34; see, People v Colon, 110 Misc 2d 917 [Crim Ct, NY County 1981], revd 112 Misc 2d 790, revd 59 NY2d 921.)
With this legislative amendment deeming the action to have commenced on the date of defendant’s first appearance, the speedy trial period was tolled until such time, and nonappearing DAT defendants were therefore prevented from benefiting at the expense of the People. Nearly 10 years later, the Court of Appeals reiterated the underlying purpose of amended CPL 30.30 (5) (b) in observing that, "[t]he Legislature made clear that when a defendant who has received a DAT fails to appear in court on the return date, the speedy trial clock does not *913 begin to run until the defendant actually appears in court, regardless of the reason for defendant’s failure to appear.” (People v Parris, 79 NY2d 69, 71-72 [1992].)
The CPL 30.30 (5) (b) exception to the general rule for when a criminal action commences having been carved out for this limited purpose, I respectfully decline to apply it in the circumstances at bar, which involve neither a timely filing by the People nor a failure to appear on the part of the defendant. It should be noted, however, that an appearing DAT defendant whose first criminal proceedings are nullified by violation of CPL 150.50 (1), and who is subsequently reprosecuted, may still be entitled to includable time by deeming the newly filed accusatory instrument to "relate[ ] back” to the date of his first appearance (see, People v Sinistaj, 67 NY2d 236, 239 [1986]), since such reprosecution constitutes a form of "continuity of a criminal action”. (People v Lomax, supra, at 356; People v Osgood, 52 NY2d 37.)
It must be emphasized that the requirements of CPL 150.50 (1) are not merely procedural, but implicate what one court has termed "the integrity of judicial process”. (Rosario v Amalgamated Ladies’ Garment Cutters’ Union, 605 F2d 1228, 1249 [2d Cir 1979], cert denied 446 US 919.) Once a police officer or other public servant has issued an appearance ticket directing a defendant to appear in criminal court on a future date, the accusatory instrument must be filed by that date, for it is the "legal prerequisite to the commencement of a criminal prosecution”. (People v Dillin, 148 Misc 2d 311, 314 [Crim Ct, NY County 1990].) Indeed, "it is the prosecutor, not the arresting officer, who is charged with the duty and responsibility to determine whether the commencement of a criminal proceeding is warranted and, if so, to determine, in the first instance, what charges should be filed with the court * * * The prosecutor’s authority to determine the appropriate charges guards against overcharging or undercharging by the arresting officer and insures that the prosecutor, the public official who must ultimately prosecute the case, is satisfied that there is sufficient evidence to warrant the commencement of a criminal prosecution for the offenses charged.” (Supra.)
For all of these reasons, the continued prosecution on the same appearance ticket, accomplished by "adjourning” the undocketed DAT, is impermissible. Rather, the appearance ticket, rendered a "nullity” by the lapse, Con Ed II (supra, at 356) cannot serve as the basis for directing defendant’s future *914 appearance, or for further prosecution. (See, People v Weinberg, 146 Misc 2d 441 [App Term, 2d Dept 1990]; People v Cooperman, NYLJ, Jan. 17, 1989, at 26, col 4 [App Term, 2d Dept].) Nor can the subsequent, untimely filing of an accusatory instrument, in patent disregard of the mandate of CPL 150.50 (1), serve to cure such constitutionally infirm proceedings. Rather, it must be dismissed and, for the purposes of subsequent speedy trial motions or applications for warrant of arrest pursuant to CPL 120.20,[4] any recommencement of the criminal proceeding must provide notice to the court of such prior dismissal.
Accordingly, defendant’s motions to dismiss are granted.

. Docket No. 93N400084X: Defendant is charged with creating an unsafe condition by leaving an open cut and debris in the roadway (Administrative Code of City of NY § 19-105). The original return date of the appearance ticket was November 26, 1993. The rescheduled appearance date was December 3, 1993.
Docket No. 93N400089X: Defendant is charged with creating an unsafe condition by leaving an open cut in the roadway (Administrative Code § 19-105). The original return date of the appearance ticket was November 26, 1993. The rescheduled appearance date was December 3, 1993.
Docket No. 93N408972X: Defendant is charged with storing building materials on a sidewalk without a permit (Administrative Code § 19-122). The original return date of the appearance ticket was November 19, 1993. The rescheduled appearance date was December 3,1993.
Docket No. 94N397618X: Defendant is charged with creating a disturbance of the street surface (excavation) without a permit (Administrative Code § 19-157). The original return date of the appearance ticket was December 10, 1993. The rescheduled appearance date was January 14, 1994.

. In similar fashion, a defendant who has been served with a desk *909 appearance ticket (DAT) in New York County is given a new return date by a court officer stationed outside of the DAT Part if no accusatory instrument has been filed by the return date.

. As used in prior opinions discussing this issue, the term "subject matter jurisdiction” connotes the court’s power to hear and determine the particular case in question, and not the general competence of a court, derived from constitution or statute, to hear and determine specific categories of cases. For consistency’s sake, I will follow suit. (But see, People v Gross, 148 Misc 2d 232, 240-242 [Crim Ct, Kings County 1990].)

. Particularly critical in this regard are the provisions of CPL 120.20 (3), which prohibit the issuance of an arrest warrant if the court is satisfied that a defendant will respond to a summons, and which permit the District Attorney, upon court authorization, to direct defendant to appear for arraignment on a designated date. A defendant who has appeared on a desk appearance ticket nullified by the lack of a timely filed accusatory instrument is ideally suited for such considerations.