OPINION OF THE COURT
Harold Enten, J.
On November 2, 1994, the defendants were arrested and charged in separate desk appearance tickets (hereinafter DAT[s]) with assault in the third degree (Penal Law § 120.00). Each DAT ordered the respective defendant to appear in court on February 2, 1995. On the return date, defendants Dimitrios Fysekis and Athanasios Fisekis appeared in court. Defendant Christos Fisekis, who is in Greece, did not appear. His attorney did, however, submit an affidavit, allegedly from this defendant’s doctor, wherein it was noted that Christos was too ill to travel. In any event, adjournment of the case was required as the People failed to file an accusatory instrument.
By notice of motion dated February 2, 1995, the defendants made the instant motion seeking an order declaring the DATs null and void due to the People’s failure to proceed on this date and, further, prohibiting the issuance of any summons or warrant of arrest based on these DATs. This written decision supplements the oral decision rendered in open court on February 15, 1995, wherein this court denied the defendants’ motion in its entirety.
The defendants are requesting equitable relief. Unless specifically authorized in the CPL, the criminal courts do not possess any inherent equity powers (see, People v Salzone, 98 Misc 2d 131, 133; see also, CPL 10.30; NY City Crim Ct Act § 31). Being a creation of the Legislature, the criminal courts may only exercise those powers authorized by statute (see, People v Senise, 111 Misc 2d 477, 478, citing People v Lamboray, 152 Misc 206; People v Schirtzer, 6 Misc 2d 561). The CPL does not contain any provision empowering this court with the right to grant a declaratory judgment. In fact, according to CPLR 3001, only the Supreme Court generally may grant such relief. Inferior courts have no jurisdiction to render a declaratory judgment unless specifically authorized to do so by statute (see, e.g., CCA 212-a [wherein the Civil Court is granted the authority to make a declaratory judgment with respect to any controversy involving, inter alia, the obligation of an insurer to indemnify or defend a defendant]).
*629 It is appropriate for this court to cite a provision of the CPLR. Although CPL 1.10 states that the provisions of the CPL are to apply exclusively to criminal actions, there is no corollary that the CPL is the only set of statutes that is applicable in criminal matters (see, People v New York Paving, 155 Misc 2d 934, 936, citing Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 1.10, at 10-11; People v Schlosser, 129 Misc 2d 690). Since the CPL fails to address declaratory judgments, the court may turn to the CPLR for guidance (see, People v Fulton, 162 Misc 2d 360, 362-363; People v New York Paving, supra; People v Sanchez, 147 Misc 2d 457, 460).
Since this court is not vested with the necessary authority, the court cannot entertain the defendants’ motion as stated in their moving papers. However, the defendants’ motion seeking a declaratory judgment declaring the DATs null and void is tantamount to a motion to dismiss. Hence, as a matter of judicial economy and in the interest of justice, the court will treat it as such. Despite the conversion of the requested relief, however, the revised motion is similarly unavailing.
An appearance ticket serves solely as a notice to appear, and therefore the issuance of a DAT, without a concomitant filing of an accusatory instrument, does not constitute the commencement of a criminal action (see, McClellan v New York City Tr. Auth., 111 Misc 2d 735; see also, People v Dillin, 148 Misc 2d 311, 314). A criminal action commences with the filing of an accusatory instrument, i.e., an indictment, an information, a simplified information, a prosecutor’s information, a superior court information, a misdemeanor complaint or a felony complaint (see, CPL 1.20 [1], [17]). This filing affords the court subject matter jurisdiction. An accusatory instrument is the only document that can commence a criminal action, and an appearance ticket is not an accusatory instrument (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 150.10, at 678, citing CPL 1.20 [l]-[8], [17]). Rather, an appearance ticket is merely an invitation to appear and its issuance does not obviate the need for the filing of an accusatory instrument (see, People v Coore, 149 Misc 2d 864, 866).
Similarly, the filing of a DAT does not give a criminal court jurisdiction over a defendant (see, People v Goldberg, NYLJ, Dec. 21, 1994, at 24, col 4). It is the arraignment of the accused, with respect to the charges in the accusatory instru *630 ment, through which the court acquires in personam jurisdiction (see generally, CPL 1.20 [9]). A defendant cannot be arraigned when he appears in response to a DAT unless an accusatory instrument has been filed (see, People v Rodriguez, 90 Misc 2d 356, 358). Therefore, absent its filing, the court lacks jurisdiction over both the defendant and the subject matter (see, People v Byfield, 131 Misc 2d 884; People v Rodriguez, supra, at 357-358; see also, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 150.50, at 692).
Pursuant to CPL 150.50 (1), "a police officer * * * who has issued and served an appearance ticket must, at or before the time such appearance ticket is returnable, file or cause to be filed with the local criminal court in which it is returnable a local criminal court accusatory instrument charging the person named in such appearance ticket with the offense specified therein” (emphasis added). Although this section unequivocally requires the filing of the accusatory instrument no later than the date of the defendant’s appearance in court, there is no provision which furnishes a sanction for the failure to abide by the dictates of CPL 150.50 (1). Where the People do not come forward with an accusatory instrument by the return date of the DAT, even though CPL 150.50 states that they must, there is no basis for the court to dismiss the action where, as here, there is no accusatory instrument before the court (see, People v Henrique, NYLJ, July 7, 1994, at 29, col 4; People v D’Alessio, 134 Misc 2d 1005, 1009; see also, People v Consolidated Edison Co., NYLJ, July 15, 1994, at 27, col 4; People v Consolidated Edison Co., 153 Misc 2d 595 [both cases holding that the subsequent filing of an accusatory instrument, after the return date noted on the DAT, does not warrant the dismissal of the instrument for failure to comply with CPL 150.50]).
In two cases entitled People v Consolidated Edison Co. (161 Misc 2d 907; 159 Misc 2d 354), the courts held that the filing of the accusatory instrument after the return date specified in the DAT warranted the dismissal of the instrument. This court need not resolve the issue as to whether an accusatory instrument may be dismissed for failure to comply with CPL 150.50, as no accusatory instrument was ever filed in the case at bar.
A local criminal court is empowered, pursuant to CPL 170.30, to dismiss an action against an accused on various grounds, such as the denial of a speedy trial or in the furtherance of justice. The statute, however, requires as a condition *631 precedent to dismissal of the charges that the defendant be already arraigned upon an information, a simplified information, a prosecutor’s information or a misdemeanor complaint (see, CPL 170.30 [1]). A court has no jurisdiction to entertain a motion to dismiss on behalf of a defendant who has not been arraigned (see, People v Byfield, supra, at 886). Moreover, the absence of a DAT in the list of accusatory instruments specified in CPL 170.30 indicates that its exclusion by the Legislature was intentional (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 74). Criminal courts are not vested with inherent powers to dismiss criminal proceedings, and therefore the court’s powers to dismiss are limited by the clear wording of CPL 170.30 (see, People v Douglass, 60 NY2d 194). Since no accusatory instrument was filed in the instant case and the defendants never arraigned thereon, there is no statutory provision authorizing the court to dismiss the action at this juncture.
The defendants maintain that the court should issue an order prohibiting the issuance of any summons or warrant for arrest based on the subject DATs and, in support thereof, they cite CPL 150.60. As previously discussed, the court does not have the power to grant this relief. Nevertheless, it should be noted that, pursuant to CPL 150.60, a court may only issue a summons or arrest warrant with respect to a DAT when the People have filed an accusatory instrument and the accused failed to appear in court on the return date specified in the DAT. Since defendants Dimitrios Fysekis and Athanasio Fisekis both appeared in court on the appropriate date, CPL 150.60 is inapplicable. The remaining defendant is outside of the United States so that his attendance may only be secured by following the dictates of CPL 590.10, rather than CPL 150.60.
The People may indefinitely prolong the prosecution by not filing an accusatory instrument. Such inaction not only inconveniences the accused by forcing him to return to court an indeterminate number of times, but it also, with the passing of time, potentially causes prejudice to the defense. Absent legislation to the contrary, however, the court is unable to rectify the inequitable posture of this case. As no criminal proceedings against the defendants have actually commenced, this court lacks jurisdiction to dismiss the DATs.
In light of the foregoing, the defendants’ motion is denied in its entirety.