OPINION OF THE COURT
David Otis Fuller, Jr., J.
Defendant Vivian L. Hausch has moved to dismiss this information charging her with changing the occupancy of premises at 99 Main Street in Tuckahoe from a fish market to a law office without first obtaining a new certificate of occupancy *203 (Uniform Fire Prevention and Building Code [19 NYCRR] § 442.3 [b]) on the ground that the information was not filed at or before the time of the return date of the appearance ticket. An earlier information against this defendant for a similar charge was dismissed by this court for legal insufficiency.
The defendant was served with the appearance ticket, returnable on December 26, 2000, on December 8, 2000. Her written request to adjourn the return date to January 2, 2001 was consented to by the People. She appeared on that date, but the matter was adjourned to January 9, 2001 because no information had been filed. The information was filed and served on January 4, 2001. On January 9, 2001, the defendant appeared and requested time to make this motion to dismiss which she made on January 16, 2001.
Defendant relies on CPL 150.50 (1) for its motion to dismiss. That section provides in pertinent part as follows:
“A police officer or other public servant who has issued and served an appearance ticket must, at or before the time such appearance ticket is returnable, file or cause to be filed with the local criminal court in which it is returnable a local criminal court accusatory instrument charging the person named in such appearance ticket with the offense specified therein.”
The People have not complied with the statutory requirement of filing the information at or before the return date of the appearance ticket. The question is whether the ensuing information should be dismissed for this lack of compliance. “[T]he statute is silent as to the effect of late filing.” (People v Brisotti, 167 Misc 2d 688, 690.) Nor does CPL 170.30 list failure to comply with CPL 150.50 as one of the grounds for dismissal of an information. (People v Brisotti, supra, at 691.) However, if the defendant has suffered prejudice from the noncompliance, dismissal of the information in the interest of justice should be considered. (People v Consolidated Edison Co., 153 Misc 2d 595, 598-599.) Here, the defendant was granted her request for an adjournment. Her unnecessary appearance on the adjourned date before the information was filed two days later, while unfortunate, does not rise to the level of prejudice.
Two other courts have held that where CPL 150.50 has not been complied with, the informations should be dismissed. (People v Consolidated Edison Co., 161 Misc 2d 907; People v Consolidated Edison Co., 159 Misc 2d 354.) But the Legislature *204 has not authorized informations to be dismissed for the noncompliance in question. The sanctions of dismissal for prejudice, as mentioned above, or dismissal under the speedy trial rules of CPL 30.30, can be considered instead, if appropriate. (People v Consolidated Edison Co., 153 Misc 2d 595, 598-599, supra.) The counting of speedy trial time starts from the date the defendant first appears in court in response to an appearance ticket. (CPL 30.30 [5] [b]; People v Parris, 79 NY2d 69; People v Brisotti, supra, at 692.) This gives an incentive to the People to follow CPL 150.50. If they do not file the information in time, it will be dismissed. Here it was filed in time for speedy trial purposes, two days after the return date of the appearance ticket.
Because grounds for dismissal do not apply, the defendant’s motion to dismiss the information should be and is denied.